# SALTMARSH et al. vs. CROMMELIN.

1. One who is in possession of lands under a deed purporting to convey them to him, especially when livery of seizin accompanied the delivery of the deed, has color of title, and may, when sued in trespass by a patentee from the United States, contest the validity of plaintiff's patent.

Error to the Circuit Court of Coosa.

Tried before the Hon. Geo. D. Shortridge.

Trespass to try titles by William T. Minter, Hiram F. Saltmarsh and Ashley Parker, against Charles Crommelin, tenant in possession. The plaintiffs below, to make out their title, offered in evidence a patent from the United States to themselves, as the assignees of Isham Bilberry and Samuel Lee, " for the south-east fractional quarter of fractional section

twenty-four, in township eighteen, of range eighteen, in the district of lands subject to sale at Cahaba;" and then proved that the *locus in quo* was once in the possession of Tallassee Fixico, an Indian reservee; and that he voluntarily abandoned the lands about the year 1828, and removed beyond the Mississippi river in 1836 with his tribe, the Creeks.

The defendant, to show title or color of title in himself, offered in evidence the certificate of reservation, and permission to occupy the premises, from the United States to said Tallassee Fixico. This proof was made by a copy of said certificate, the loss of the original and the truth of the copy offered having been shown. He also offered in evidence two deeds for the said lands, from George Taylor and others to himself, one dated the 12th, and the other the 14th of July, 1834; also, a copy of the original entry on the books of the General Land Office, purporting to be a proceeding at the Land Office at Cahaba, by which the said Bilberry and Lee entered said lands. This certificate is headed as follows: "Floats Pre-emption Act, 1834. No. 35014. Land Office, Cahaba, June 4, 1839. It is hereby certified," &c. On the back of this certificate is the written assignment of said Bilberry and Lee, dated June 4, 1839, conveying all their interest and title in and to the lands therein described to the plaintiffs, and requesting that a patent might be issued in their name. The patent which was issued on this certificate was offered in evidence by the plaintiffs, and is set out at length in the former report of this case. See 9 Ala. 594.

The defendant offered evidence tending to show, that Geo. Taylor, one of the grantors in the two deeds above referred to, purchased the possession of said lands, in 1828, from said Tallassee Fixico, and received possession from him at the time of the purchase; that defendant received possession, at the time of his purchase and the execution of said deeds, from his said grantors, and had ever since continued in possession. There was no evidence showing, or tending to show, that either said Bilberry and Lee or said plaintiffs were ever in possession of said land, other than the certificate and patent above described.

The court charged the jury as follows:

"1. That, if they found the defendant held for a series of years, and continued to hold, possession, under deeds from Tay-

lor, and that Taylor held possession under Tallassee Fixico, and that the plaintiffs were never in possession, then defendant held under color of title, and was in condition to contest the validity of the patent.

"2. That the certificate of possession, which issued to Tallassee Fixico, was an appropriation of the land by the Government of the United States to a particular purpose ; and that, if Tallassee Fixico, in 1828 or 1829, abandoned said land, it was not subject to entry under the pre-emption laws ; that the patent, under which the plaintiffs claimed title, was issued under the pre-emption laws of the United States ; that the land conveyed by said patent was not subject to entry under pre-emption ; that said patent had issued contrary to law, and was void.

" To the admission of said copy certificates and deeds, as evidence for the defendant, and to the charge given, the plaintiffs excepted ;" and they now assign these rulings of the court for error.

MORGAN & WALKER, for plaintiffs in error :

The defendant claims under a void grant. " A fraction in section 24," &c., is not a legal sub-division of land ; and the grant does not designate any particular land in that section, nor does it specify the metes and bounds, nor the number of acres. 5 Iredell's Eq. R. 373 ; 14 Mass. R. 200 ; 13 Johns. 97 ; 13 S. & M. 317 ; Bac. Abr., vol. 4, p. 521 ; Com. Dig., Grant.

It is an attempt to convey a right of pre-emption, and is therefore void. The deed is a mere quit-claim ; and Crommelin is not to be considered in the light of a purchaser for valuable consideration : he had notice, on the face of his deeds, that his vendors had no title, and that the conveyance was a mere effort to clothe him with a pre-emption claim to the land. How can such deeds, under such circumstances, give color of title ?— McElyea v. Hayter, 2 Porter 148 ; Cundiff v. Orms, 7 ib. 58 ; Tenison v. Martin, 13 Ala. 21 ; Oliver v. Piatt, 3 How. U. S. R. 333.

The defendant is a mere stranger to the title, and cannot dispute the validity of the patent under which the plaintiffs claim. Masters v. Easters, 3 Porter 368 ; Jones v. Inge, 5 ib. 327 ; Cobb v. Mitchell, 13 Ala. 137 ; Cruise v. Riddle, 21 Ala.

The attempt seems to have been to connect the defendant with

Tallassee Fixico, so as to place him in a condition to assail the plaintiffs' title; and this was superinduced by a remark made in the previous decision of this cause, that no such attempt had been made. It was not then decided, that it could have been done, if the attempt had been made, or, if accomplished, that it would avail the defendant in any view of the case. If the former decision is the law of this case, and if the reservee, by a sale or voluntary abandonment of the land, lost all claim to it, how could the purchaser from him acquire any right to the land, or the occupation of it?

It is a mistake into which the court was led when this case was before it, as published in 9th Ala., that the plaintiffs claim under the pre-emption law of May 29, 1830 : the patent issued under the act of April 24, 1820. But if this is not so, the certificate of possession to Tallassee Fixico was void for uncertainty, and he was never located in conformity with the act of March 3, 1817.—U. S. Statutes at Large, vol. 3, p. 382.

A patent from the United States is, of itself, evidence that it was issued under legal authority.—Goodlet v. Smithson, 5 Porter 245.

ELMORE & YANCEY, *contra* :

The exception taken to the admission of Crommelin's deeds was a general one, and cannot be sustained if they were relevant.—Price v. Br. Bank Decatur, 17 Ala. 374. The deeds were part of the chain of title from Tallassee Fixico, which gave Crommelin that color of title which was essential to a defence against the plaintiffs' patent.—9 Ala. 594. All intendments will be made in favor of the judgment below, and therefore that the deeds were properly proven.—Knapp v. McBryde, 7 Ala. 20.

Tallassee Fixico's certificate of possession, being for the same land, was relevant, to show color of title in Crommelin, in connection with Taylor's deeds.—9 Ala. 594. That certificate was evidence, see Clay's Digest, p. 341, § 157. The original being lost, a certified copy from the Land Office was the next best evidence.—Hines v. Greenlee, 3 Ala. 73. The copy certificate of Bilberry & Lee was relevant, to prove that the patent was issued under pre-emption laws.

The charges given were based upon the evidence, and were a

correct exposition of the law.—U. S. Statutes at Large, vol. 4, 420; 9 Ala. 594; 2 How. 284; 3 Ala. 47; 13 Port. 498.

The patent cannot give title under the act of 1820; because the record does not show (and the court will presume nothing against the judgment) that said lands had ever been authorized to be sold; no entry could be made under that act, unless there had been an authorization of sale of the land. The patent refers, in its body, to the certificate of Bilberry & Lee, and that certificate can alone determine under what act it issued: it issued under the pre-emption act of 1834.

Whether Crommelin's deeds were champertous, or Tallassee Fixico's certificate invalid, matters not: they are sufficient to constitute color of title, and enable Crommelin to contest the patent. The land in Tallassee Fixico's certificate is described as "a fraction of a section on the east side of Coosa river," and that is sufficiently certain. Besides, there was proof that the lands occupied by Tallassee Fixico were the lands in controversy.

GIBBONS, J.—When this case was before this court on a former occasion, the opinion then pronounced, if we rightly comprehend it, disposes of nearly every question presented by the present record, except one, and that is, whether the defendant is to be considered as holding under color of title, or is he a mere trespasser.—*Vide* Crommelin v. Minter, 9 Ala. 594. In this case, it is decided, 1st, that when an Indian reservation, under the treaty of 1814 with the Creek Nation, is sold by the Indian, it at once becomes a part of the public domain of the United States, without any act whatever on the part of the United States being necessary to be done, or any assertion of right on the part of the government; 2nd, that, though the title in such reserves be vested in the United States by the voluntary abandonment of the reservee, still, it is not subject to entry under the pre-emption laws of Congress; and, 3rd, that a patent fraudulently obtained, or one which has issued in violation of law, is void, and does not authorize a recovery against a party in possession under color of title. But a mere intruder cannot insist upon the invalidity of the patent; and if the defendant offers no evidence to justify his possession, the fair inference is, that he is an intruder. In that case, the

defendant offered no evidence whatever as to how he derived his title ; and the court determined, under such circumstances, that they were bound to consider him as an intruder. In the present record, the defendant has connected himself directly with the Indian reservee, Tallassee Fixico ; and the question now arises, whether, under the principles already settled in the cause, the defendant is to be considered as holding under color of title or not.

Without undertaking, at the present time, to give an accurate definition of the term " color of title," we deem it sufficient for the present case to say, that it is that apparent right in the tenant, which he has derived by his paper title, which distinguishes him from the naked trespasser or intruder. He who holds under a paper title, therefore, which apparently gives him a right to the land, which would lead an honest mind to the conclusion that the right to the land passed by the deed, and more especially when the delivery of the deed is accompanied by livery of seizin, or possession of the premises purporting to be conveyed, must be considered as holding under *color* of title.

The right to occupy and hold the premises in question, is conceded by both parties to have been in the Indian reservee, Tallassee Fixico. This right he derived from the government itself. The proof shows, that one Taylor purchased this right of Tallassee Fixico, doubtless both parties to the transaction supposing that his rights were alienable, and conveyed by deed made by himself and others the same premises to the defendant. The purchase both from the reservee and from Taylor is accompanied by a change of possession of the land, thus evincing the *bona fides* of the parties to the transaction. The defendant's possession, held as it is under the deeds in evidence, and being traced back to the reservee, must be considered, in our opinion, a possession under color of title. It may be conceded, that the defendant has no title to the premises, as against the government of the United States ; yet it by no means follows, that his possession is not under color of right. We consider every one as holding under color of title, who enters *bona fide*, under and by virtue of a paper title ; in other words, every one who is not a mere naked trespasser, and who is claiming in his own right under a paper title, is in under color of title. The

defendant, therefore, holding under color of title, under the previous decision of this court in this case, is in a position to call in question the validity of the plaintiff's patent; or, he may show an outstanding title in a third person, and thereby protect his own possession. There was, therefore, no error in the first charge of the court.

The second charge given to the jury, was simply an enunciation of one of the propositions argued by the court and decided in the decision above referred to. It must, therefore, be considered as free from error.

The third charge is simply a statement of fact from the evidence, and a conclusion of law arising upon it. It asserts, that the patent issued under the pre-emption laws of 1834; and inasmuch as it comprehends lands previously appropriated by the government to Tallassee Fixico, as an Indian reservation, therefore the patent is void. The fact that the patent was issued under the pre-emption laws, we think apparent from an inspection of the patent, and of the certificate upon which it issued. The court, therefore, committed no error in announcing this fact, apparent as it is upon the face of the papers themselves. And the conclusion of law is one based directly upon the decision of this court above referred to. There was, therefore, no error in this charge.

Exception was also taken to the admission of the copy certificates and deeds offered by the defendant in evidence. In the admission of this evidence we see no error. The proof of the loss of the original certificate was duly made, and also of its contents : and this, in our opinion, paved the way for the introduction of a copy. The deeds were also proper evidence, as conducing to show that the defendant held under color of title.

It is insisted, in argument, that the grant to Tallassee Fixico is void for uncertainty. We are of an opposite opinion; but the fact whether that grant is void or not, we do not consider as affecting the present case. The plaintiffs are confessedly suing for what was claimed and taken possession of under that grant, and that possession is traced down to the defendant, who derives his possession from a paper title in good faith; and that, as has been already stated, constitutes him a holder under color of title. In this character, he has the right to impeach the plaintiff's patent; and even conceding that the grant to

Tallassee Fixico was void for uncertainty, by the strict rules of law, yet the same results would follow, so far as regards the question as to the character of the defendant's tenure.

We find no error in the record, and the judgment of the court below is affirmed.