[Crowder v. Doe ex dem. Tennessee C. I. & R. R. Co.]

# Crowder *v.* Doe *ex dem.* Tennessee C. I. & R. R. Co.

## *Ejectment.*

(Decided May 12, 1909.  Rehearing denied June 30, 1909.
50 South. 230.)

1. *Adverse Possession; Defendant's Possession; Admission by Suit.*—A plaintiff suing in ejectment admits that at the time of the suit defendant is in possession of the premises.

2. *Same; Extent of Possession; Conveyance; Land Conveyed.*—Each quarter-section in a conveyance does not constitute a separate tract, and the fact that a stranger claims to own a part of the land conveyed, but not the whole would not operate to make two tracts of it so as to affect the question of adverse possession.

3. *Same; Color of Title.*—Although the legal title to a part of tract described in a deed was in others than in the grantor this would not prevent the grantee's possession of a part of the tract from extending to the whole tract conveyed so as to give him color of title thereto under the deed, since it is not necessary that the grantor should have had title to the whole or a part of the entire tract described in order to give color of title thereto.

4. *Same; Color of Title; Possession of Part.*—Color of title is that which in appearance is title, and if an instrument itself passes or constitutes title, it is not color of title, and hence, if a grantor has legal title to one quarter-section only of a tract described in his deed, or had color of title thereto only, possession of the grantee of that quarter-section under the deed could not be extended to the other quarter-section described in the deed.

5. *Same; Void Conveyance.*—A deed absolutely void may be good as color of title.

6. *Same; Color of Title; Claim of Title.*—Color of title is the appearance of title which in reality is not title, while claim of title is the entry and occupancy of land with intention to hold it against the word irrespective of any color of right or title as a foundation for the claim.  The two terms are distinct but supplemental to each other in that color of title without claim is of little effect while claim of title without color may ripen into title to the land actually occupied; and with color may ripen into title not only to the land actually occupied, but by a legal fiction, may extend to all lands described in the color of title if that actually occupied be a part thereof.

7. *Same; Evidence; Color of Title.*—Color of title is not of itself evidence of title, and it does not follow because of it that less evidence is required to prove adverse possession than without it, unless provided so by statute; and it can only draw and impart to the whole tract to which there is color the same claim and character of

possession which is impressed upon the part thereof which is in actual possession.

8. *Same; Claim of Title; Necessity for Good Faith.*—It is not necessary that a claim of title should be honestly believed to be good; the only requisite of good faith or motive in adverse possession is to show that the claimant actually intended to claim the land as his own to the absolute exclusion of others.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Ejectment by the Tennessee Coal Iron & Railway Company, against R. L. Crowder. Judgment for plaintiff and defendant appeals. Reversed and remanded.

FRANK S. ANDRESS, for appellant. Actual possession of any part of land under color of title extends to the limit and boundaries defined in the color of the title with the exception that it may not embrace such as may be adversely held by another.—*Anniston Co. v. Edmonson,* 127 Ala. 464; *Barrett v. Kelly,* 131 Ala. 378, and Authorities cited. The essential elements of adverse possession are, 1st: The possession must be hostile; 2nd: It must be actual; 3rd: It must be open and notorious; 4th: It must be exclusive; 5th: It must be continuous.—*Chastang v. Chastang,* 141 Ala. 451; and authorities there cited. Adverse possession once established can be broken only in one of three ways, 1st: By act of the real owner; 2nd: By intrusion of a stranger; 3rd: By abandonment of premises.—Vol. 2 Mayfield Digest 79; *Normant v. Eureka Co.,* 98 Ala. 189; *Hughes v. Anderson,* 79 Ala. 215. Continuity of possession will be presumed when once actual possession is shown, and years thereafter the same property or possession in some subsequent purchaser or tenant is still in actual possession.—Vol. 2 Mayfield Digest 79; *Land Co. v. Kyle,* 99 Ala. 474. Adverse possession for ten years with or without color of title confers title, which will

[Crowder v. Doe ex dem. Tennessee C. I. & R. R. Co.]

support or defeat an action of ejectment.—Vol. 2 May-field Digest 77; *Lucy v. Railroad Co.,* 92 Ala. 249; *Burks v. Mitchell,* 78 Ala. 63. A conveyance of land, which is, at the time adversely held by a third person, who is exercising acts of ownership, and claiming to be in rightful possession, is void as to such adverse possessor.—*Lowery v. Baker,* 141 Ala. 600.

PERCY, BENNERS & BURR, for appellee. If A, conveys to B, a tract of land of which he is in adverse possession, and of which he puts B in adverse possession, he cannot extend B's adverse possession to C's land by describing C's land in the conveyance of B, along with the lands which A owns.—*Henry v. Brown,* 143 Ala. 446; *Woods v. Montevallo C. Co.,* 84 Ala. 560; 1 A. & E. Ency of Law, 873. The lands were separate parcels of land.—*Stevenson v. Anderson,* 87 Ala. 228. Presumptions are not indulged to show adverse possession. —*Scales v. Ott,* 127 Ala. 582; 1 Ency of Evid. 642; *Newton v. L. &N.,* 110 Ala. 474.

MAYFIELD, J.—The trial court was clearly in error in giving the general affirmative charge for the plaintiff. The real question at issue was whether or not the defendant, and those under whom he claimed title, had been in the adverse possession of the land sued for for 10 years prior to the suit, so as to perfect title thereto in the defendant. Under any and all of the evidence this was a disputed question of fact and not one of law. The jury only, and not the court, should have decided this issue.

The plaintiff, by the bringing of his suit, admitted that defendant was then in possession. His possession he attempted to show was adverse, and was the same then that it had been for 10 years prior thereto. There was

some evidence tendiing to show this. The fact of possession, as well as the character thereof, depended upon color of title. The color of title described the lands in question, the defendant claimed under this color of title, and there was some evidence tending to show actual possession of a part of the lands described in the color of title.

The appellee concedes the well-established proposition of law that actual possession of a part of a tract of land described in a color of title is, by legal fiction, extended to the entire tract so described, but claims that there is a qualification, limitation, or exception to this rule, to the effect (to quote from brief of counsel) that "If A. conveys to B. a tract of land of which he is in adverse possession, and of which he puts B, in the adverse possession, he cannot constructively extend B.'s adverse possession to C's land describing C's land in the conveyance to B., along with the land which A. owned"—that B's possession under his deed will not thereby extended to C's land. If this qualification, exception, or limitation of the general rule be true or correct, as to which we do not decide, the case made by the record does not wholly fall within it, nor is it wholly taken without the influence of the general rule. The case falls within the limitation to the extent that appellee has title to a part, and to a part only, of the land described in the color of title, but for the adverse possession, and does not claim title to the other lands described in the color; but, so far as the record shows, the defendant and each of those under and through whom he claims title by adverse possession had the same title, claim, and right to the whole. They did not claim the two parts under different rights or titles. They may have had no title or right to any part except that acquired by adverse possession. If they had no title to that claimed

[Crowder v. Doe ex dem. Tennessee C. I. & R. R. Co.]

by the appellee, then probably they had none to the other; the chain and claim of title to both are the same.

There is no evidence that Mrs. Wheeler or her intestate did not claim to own, or have title or right to convey, the three 40's in question. It is, however, shown that she did not then have the legal title thereto, and it is not shown that she did have the legal title to the other 40, further than possession carries with it a presumption of title. There is nothing to show that the vendor in this case conveyed two separate and distinct tracts of land. Only one was conveyed. Each 40 acres in a conveyance does not constitute a separate tract. The fact that plaintiff, a stranger, did not claim to own the whole, but only a part, could not have the effect to make two tracts. The case at bar does not fall within the qualification declared in the case of *Woods v. Montevallo, etc., Co.,* 84 Ala. 560, 3 South. 475, 5 Am. St. Rep. 393, which is again announced in the case of *Henry v. Brown,* 143 Ala. 456, 39 South. 325.

The color of title has its inception in Mrs. Wheeler's deed as administratrix. The claim under color of title does not antedate this deed; but it is claimed to exist only thereafter, and to continue down to the time of trial. The source of defendant's title and claim was the deed of the administratrix and possession held thereunder. If Echols took possession of a part of the lands described in the administratrix's deed, and held possession under it, there is nothing in this record to show why it was not, by the rule or legal fiction, extended to the whole. The fact that the legal title to parts of the tract described in the color of title was in different persons, and not in one and the same can make no difference. To constitute color of title it is not necessary that the grantor should have title to the whole or a part of the entire tract described.—*Henry v. Brown,* 143

Ala. 456, 39 South. 325. If the legal title to the whole had been in the grantor or her intestate, there would be no opportunity or chance for the rule under discussion to apply. The conveyance would then have been a conveyance of the legal title to the whole, and not a mere color of title.

The mere fact that a deed passes the legal title to a part of the tract, but not to the whole, does not prevent the application of the rule as to the part to which it does not pass title and limit it to only that part to which it passes title. As to that part there is no need of the fiction, to perfect the title. The deed itself passes title thereto. If it had been shown that the administratrix's intestate had title to the one 40, or had color of title thereto only, then his possession of that 40 under that deed could not be extended to the other three 40's which were first described or mentioned in the administratrix's deed. Such is the doctrine announced in the cases of *Woods v. Montevallo, etc., Co.*, 84 Ala. 560, 3 South. 475, 5 Am. St. Rep. 393, and *Henry v. Brown*, 143 Ala. 446, 456, 39 South. 325.—See, also, 1 Am. & Eng. Ency. Law, 873.

An instrument, to constitute "color of title," need not be valid as a muniment of title. If the instrument itself passes, or constitutes title, it is not color of title. It is in a sense the title itself. The very term implies that it is not valid to pass title. An absolutely void instrument may be good color of title. "Color of title" is said to be that which in appearance is title, but which in reality is no title.—*Wright v. Mattison*, 48 How. 50, 15 L. Ed. 280; *Torrey v. Forbes*, 94 Ala. 135, 10 South. 320; *Abercrombie v. Baldwin*, 15 Ala. 363; *Saltmarsh v. Crommelin*, 24 Ala. 347. "Color of title" and "claim of title" are often confounded; the terms being used as if synonymous, whereas in fact they are very different

.things. "Claim of title" is where one enters and occupies land, with the intent to hold it as his own, against the world, irrespective of any shadow or color or right or title as a foundation for his claim. "Color of title" is the semblance or appearance of title, but which in reality is not. They are distinct from, but supplementary to, each other. Color of title, without claim, is of little effect. Claim of title, without color, may ripen into title to the land actually occupied, while, with it, it may ripen into title not only to the land actually occupied, but to all described in the color of title, if that actually occupied be a part thereof. "Claim of title." or at least of right, is necesary to acquire title by adverse possession; but "color of title" is not, unless so required by statute. A claimant must enter and hold the land as his own, to the exclusion of all others; but the title thus acquired does not extend beyond the land actually occupied, that which the claimant stands on, "pedis possessio." The right and title thus acquired is commensurate with the use. "Color of title," by a pure and legal fiction, extends this claim of title and actual possession to the entire tract which it describes. It is sometimes said that the color of title furnishes the presumption and the evidence of the intention to claim to the extent of the boundaries therein fixed. It must, however, be remembered that the color of title is not of itself evidence of adverse possession, and that it does not follow that less evidence is required to prove adverse possession with than without it, unless so provided by statute. It can only draw and impart to the whole the same claim and character of possession which is impressed upon the part by the actual possession.— *Normant v. Eureka,* 98 Ala. 181, 12 South. 454, 39 Am. St. Rep. 45; *Doe v. Clayton,* 81 Ala. 391, 2 South. 24; *Tennessee, etc., Co. v. Linn,* 123 Ala. 112, 26 South.

245, 82 Am. St. Rep. 108;*Black v. Tennessee, etc., Co..* 93 Ala. 109, 9 South. 537; *Childress v. Calloway,* 76 Ala. 128.

Good faith is often spoken of, in connection with adverse possession—sometimes appropriately, and sometimes not. It is not necessary that the claim of title should be honestly believed to be good. It is enough if the claimant really intends to assert title and to rely upon it as hostile or adverse to the true owner or to the world.—*Baucum v. George,* 65 Ala. 259; *Saltmarsh v. George,* 65 Ala. 259; *Saltmarsh v. Crommelin,* 24 Ala. 347. The only requisite of good faith or motive, in adverse possession, is to show that the claimant actually intended to claim the land as his own, to the absolute exclusion of others.

It is unnecessary to pass upon the other questions, as they may not arise on another trial.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C, J., and SIMPSON and DENSON, JJ., concur.