# Moss, *et al. v.* Nye.

### *Bill for Partition.*

#### (Decided May 15, 1913.    62 South. 776.)

1. *Partition; Right to.*—Partition among joint tenants of land is a matter of right, including a sale for distribution; it is incident to all tenancies in common, however created, unless restricted or prohibited by contract or by law.

2. *Same.*—Homesteads vesting in the widow and minor children of the deceased, under the statute of distribution, was subject to the exercise of the rights of partition by any of the tenants in common; this has reference to conditions prior to the adoption of the Code of 1907.

3. *Same.*—The provisions of section 4196, Code 1907, are not retroactive, and hence, does not prevent the partition of a homestead among tenants in common such as described in said section, the title to which vested in them before the statute was enacted.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

Bill by Mary L. Nye against Carrie L. Moss and others for sale of lands for partition. Decree for complainant, and respondents appeal. Affirmed.

The case made by the bill is that complainants and respondents are interested in a certain tract of land, their various interests being set out, and that said land cannot be partitioned or divided equitably without a sale. The respondents filed an answer and cross-bill in which they deny that complainant is interested in or has any title to said land. They allege the facts to be that Carrie L. Moss is the widow of Henry C. Moss, who died July 9, 1904, and that she has never remarried; that the said H. C. Moss had a former wife now deceased, and that Mary L. Nye and others named were the children of H. C. Moss by his former wife, and that the said Mary Nye and George P. Moss were minors at the time of the death of said Moss, and that the other respond-

ents named are the children of said H. C. Moss and the said Carrie Moss, and that each of them were minors at the time of the death of the said H. C. Moss; that at the time of the death of Moss he owned the land described in the original bill of complaint, and also a three-fifths interest in a store lot in Calera, Ala., and at the time of his death his estate was insolvent; that there was no administration, and that no homestead had been set apart or assigned to respondent and the minor children, and that as such widow and such minor children they had the right to retain the said land until the homestead is set apart; and the other facts necessary to show a want of action in the probate court or otherwise affecting the estate of the said H. C. Moss.

RIDDLE, ELLIS, RIDDLE & PRUET, for appellant. The right to sell a homestead is not a vested right, and it is entirely competent for the Legislature to take away that right as it did do by section 4196, Code 1907.— *Abbott v. Page,* 32 Ala. 571; *C. R. S. Co. v. Barclay,* 30 Ala. 120. The remedy here sought is purely statutory and did not exist irrespective of the statute.—Secs. 5203, 5321, Code 1907; *Delony v. Walker,* 9 Port. 497. There is no question about the homestead having vested absolutely in the widow and minor children.—*Hall v. Hall,* 171 Ala. 618. The law governing at the time of the death of the ancestors will determine the rights of the heirs.—*O'Daniel v. Gaynor,* 150 Ala. 205.

BROWN, LEEPER & KOENIG, for appellee. The title vested absolutely in the widow and minor children without any proceeding to set it apart.—*Hall v. Hall,* 171 Ala. 618; *Faircloth v. Carroll,* 137 Ala. 243. It was such an absolute title as was inheritable by the heirs of the children.—*Sims v. Sims,* 165 Ala. 141. The

rights in this instance were not affected by the adoption of section 4196, Code 1907, as they were acquired before the adoption of *such* section.—*Werzler v. Kelly & Co.,* 83 Ala. 440. The right of partition is a matter of right.—34 Cyc. 1766.

SOMERVILLE, J.—The sole question of merit presented by this appeal is whether the provision found in section 4196 of the Code of 1907, that when the decedent's estate is insolvent his homestead shall vest in the widow and minor children absolutely, "and shall not be sold or partitioned by order of any court until the death of the widow and the youngest child is of age," etc., is retroactive in its operation, so as to thus restrict the judicial sale or partition of homesteads already vested in the joint ownership of the persons designated, by the death of the husband and father prior to the enactment of the quoted provision.

Partition, including sale for distribution, among the joint owners of land, is a matter of right.—*Donnor v. Quartermans,* 90 Ala. 164, 8 South. 715, 24 Am. St. Rep. 778; *Gore v. Dickinson,* 98 Ala. 363, 11 South. 743, 39 Am. St. Rep. 67. It is unquestionably a valuable right, since it vitally affects the potential use and availability of the cotenant's estate. It is incident to all tenancies in common, however created, unless restricted or prohibited by contract or by law.

Prior to the adoption of the present Code, homesteads vesting under the statute in the widow and minor children were subject to the exercise of this right by any of the tenants in common.—*Faircloth v. Carroll,* 137 Ala. 246, 34 South. 182.

There is nothing in the statute referred to, either expressed or implied, indicative of a legislative purpose to extend the operation of the quoted provision to jointly

owned homesteads already vested under the former statute. The rule of construction is well settled. "Retrospective statutes, when within legislative competency, are not favored, and it is a sound rule of judicial construction that they shall operate prospectively only, unless the terms show a clear legislative intent that they shall operate retrospectively.—Cooley's Con. Lim. 369; Sedgwick on Stat. and Cons. Law, 161. The statutes excluded from judicial favor, and subjected to this strictness of judicial construction—statutes which may be properly denominated retrospective—are such as take away or impair vested rights, acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability, in respect to transactions or considerations already past."—*Ex parte Buckley,* 53 Ala. 42, 54.

We think it clear that the provision in question must be construed as not retroactive in its intended operation. 36 Cyc. 1209d, 1210e. We need not inquire nor determine whether it is within the legislative power to have made it so. An able discussion of that question will be found in the case of *Gladney v. Sydnor,* 172 Mo. 318, 72 S. W. 554, 60 L. R. A. 880, 95 Am. St. Rep. 517.

There is no merit in appellant's suggestion that this provision was designed to correct an immoral and unconscionable evil, and that therefore a retroactive operation is favored by the law. The question is one of policy merely, and not of morals, and the policy of preventing any partition during the widow's life, even with her consent, is at least fairly debatable.

The fee-simple title to this homestead being vested in complainant and respondents by force of law without judicial allotment, complainant is entitled to a sale thereof for division; and there is no occasion for the intervention of a court of equity to ascertain and declare

the insolvency of the decedent's estate in order to vest the absolute title.

The rulings of the chancellor in sustaining the demurrers to the cross-bill are in accordance with the views above expressed, and the decree will be affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.