(94 South. 280)

## CHRISTIAN v. McCONNELL et al.
## (6 Div. 582.)

(Supreme Court of Alabama. Oct. 26, 1922.)

1. Partition ⬯⬯24 — Partition is matter of right.

Partition of land among joint owners or tenants in common or a sale thereof for division among them, when it cannot be equitably divided or partitioned, is a matter of right.

2. Wills ⬯⬯205—Rule requiring probate of will before asserting claims thereunder inapplicable where rights are unchallenged and unchanged by will.

The rule requiring the probate of a will before rights under it can be asserted or recognized is inapplicable, where the rights sought to be established are admitted by all concerned and are not different from what they would be were there no will.

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

Bill by Lillie B. Christian against Willie McConnell and others for the sale of lands for division. From a decree dismissing the bill, complainant appeals. Reversed and remanded.

Sample & Kilpatrick, of Cullman, for appellant.

Partition is a matter of right, and may be compelled by any tenant having a legal or equitable title and actual or constructive possession. 183 Ala. 544, 62 South. 776; 187 Ala. 165, 65 South. 381; 90 Ala. 164, 8 South. 715, 24 Am. St. Rep. 778; 98 Ala. 363, 11 South. 743, 39 Am. St. Rep. 67.

F. E. St. John, of Cullman, for appellees.

Any proceeding for the sale of the land previous to the probate of the will was premature. Code 1907, § 6183; 136 Ala. 373, 34 South. 905.

MILLER, J. This bill of complaint is filed by Lillie B. Christian against Mrs. Willie McConnell and others to sell for division, among the joint owners or tenants in common, 51 acres of land, describing it, on the ground it cannot be equitably divided or partitioned among them.

The complaint avers the parties, respondents and complainant, four in all, are the only heirs of A. W. Loyd, deceased; that each inherited from him, or by will he devised to each, an undivided one-fourth interest in this land of which he died seized and possessed.

The respondents file an answer in the nature of a cross-bill. They admit the parties own an undivided one-fourth interest in the land under the will of A. W. Loyd, deceased, and request that it be sold for division, but they aver A. W. Loyd also died seized and possessed of 40 acres of land

claimed by complainant, but which was devised to each party (one-fourth to each); and they request that this 40 acres and the 51 acres be sold for division between all the parties (one-fourth to each under the will of A. W. Loyd). The complainant, answering the cross-bill, sets up that this 40 acres belongs to her; that it was conveyed to her by deed by A. W. Loyd and wife 15 or more years before his death; and that in the deed he reserved the right to use it during his life.

The court dismissed without prejudice the bill of complaint, and taxed her with the cost, on the ground stated therein that the proof showed the instrument purporting to be the last will and testament of A. W. Loyd, deceased, had never been probated, and that there had been no judicial determination as to whether this was or was not his last will and testament. The complainant appeals from this decree and assigns it as error.

The proof shows, and the pleadings admit, A. W. Loyd, deceased, left a will; it had not been probated; his heirs, four in number, the parties to this suit, each own an undivided one-fourth interest in the 51 acres of land, and all other property of his estate: the will so devised it, and if there was no will, each would inherit under the statute that same interest in it. It appears from the evidence and the admissions in the pleadings that no necessity existed for an administration of the estate as all the heirs or devisees were of age and sound in mind; the deceased left no debts, except doctor's bill and funeral expenses; they had been or would be paid from the personal property, which was more than sufficient therefor, and the personal property had been divided equally, one-fourth to each, among the heirs or devisees.

[1] Partition of land among joint owners or tenants in common, or a sale thereof for division among them, when it cannot be equitably divided or partitioned, is a matter of right. Donnor v. Quartermas, 90 Ala. 164, 8 South. 715, 24 Am. St. Rep. 778; Moss v. Nye, 183 Ala. 544, 62 South. 776.

[2] It is true this court correctly stated in Jordan v. Jordan, 65 Ala. 305:

"Any instrument in writing, whatever may be its form, executed in conformity to the provisions of the statute of wills, manifesting a posthumous destination of property, real or personal, can take effect only as a will; and rights under it cannot be asserted or recognized, until it has been admitted to probate in the proper forum." Dunn v. Bank of Mobile, 2 Ala. 152; Shepherd v. Nabors, 6 Ala. 631; Gillham v. Mustin, 42 Ala. 365; Daniel v. Hill, 52 Ala. 430; Elmore v. Mustin, 28 Ala. 309; Kinnebrew v. Kinnebrew, 35 Ala. 628.

This is a correct principle or rule of law when the title to the property is in issue and ownership is claimed through an unprobated will. The unprobated will is then not admissible. The will in this cause has never been probated; it should have been; and it was offered in evidence by the cross-respondents, and was admitted in evidence without objection. It is admitted in the pleading and in the proof by all the parties that this 51 acres of land cannot be partitioned equitably among the joint owners; that a sale for division is necessary; and that each party owns a one-fourth interest in it. This being true, this right of complainant for a sale of it cannot be denied her by the court simply because the instrument purporting to be the last will and testament of A. W. Loyd, deceased, has not been duly probated by a court of competent jurisdiction, when it is admitted the interest of each party is one-fourth in the land whether the will is valid or invalid; and when the existence, the validity of the instrument, its proper execution, and the interest devised to each party by it is not questioned but admitted by the respondents, and when the respondents admit they and complainant each own an undivided one-fourth interest in the land, and when all parties seek a sale of it for division. The pleadings, these admissions of the parties, and the admitted and undisputed ownership and interest of each party in this 51 acres of land renders the probate of this will unnecessary for obtaining a decree of sale of it, as requested by all the parties owning it. Further proof of their title or its source is rendered unnecessary by these admissions of ownership.

The court below erred in dismissing the bill of complaint. It should have ordered and decreed a sale of the 51 acres of land for division among the joint owners. A. W. Loyd and wife in 1905 executed a warranty deed, conveying to complainant the 40 acres of land described in the cross-bill of respondents. The grantors by the deed reserved possession of the land during their life time. Both are dead. The evidence is in conflict as to whether the deed was ever delivered to complainant. It is lost or was destroyed and was never recorded. The weight of the evidence convinces us that the grantors in the deed intended to and did actually deliver it to complainant; and from this evidence we find that she owns under the deed the entire interest in this 40 acres of land. The cross-bill of respondents seeking to sell this land for division among them and complainant should be denied, and proper decree entered by the trial court denying them relief and dismissing it, as the cross-respondents have no interest in or title to this 40 acres of land.

The decree of the court below is reversed and remanded, that the trial court may enter proper decree in accordance with this opinion, and for such further proceedings and decrees as the parties may seek and the statutes may permit and direct.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.