(96 South. 331)

STEPHENS et al. v. BOWEN. (6 Div. 765.)

(Supreme Court of Alabama. Jan. 11, 1923. Rehearing Denied May 10, 1923.)

1. Adverse possession ⬤➔80(1)—Deed color of title to land adequately described only.

To operate as color of title a deed must adequately describe the land in controversy, and, where it purports to cover in addition lands not adequately described, it does not constitute color of title as to such lands.

2. Adverse possession ⬤➔85(2)—Record of proceedings setting apart homestead admissible as affecting title to land claimed.

Where, in an ejectment action, the defense of adverse possession under color of title is interposed, it was not error to admit in evidence the record of proceedings to set apart a homestead, for, although it failed to describe part of the lands adequately, it in fact affected the title of that part of the land properly described, and was in substantial conformity with Code 1896, § 2097.

3. Dower ⬤➔56(3)—Widow's unassigned dower right held not to affect right to maintain or defend action.

The unassigned dower right of the widow does not entitle her to maintain ejectment, nor does it afford a defense to such action by the heirs.

4. Limitation of actions ⬤➔72(3) — Plaintiffs held barred by delay after attaining majority from maintaining action against defense of adverse possession.

In ejectment, wherein adverse possession was interposed as a defense, plaintiffs, being minors at the inception of defendant's possession, had, in any event, 3 years after termination of the disability in which to bring suit in view of Code 1907, § 4846, but such 3 years enlarged the statutory 10-year period only to the extent necessary to secure to them the right to bring suit within 3 years after they attained to majority, and where they delayed longer than that they were barred from maintaining the action.

5. Limitation of actions ⬤➔72(3)—Delay in suing in ejectment by heirs held a bar notwithstanding widow's rights of quarantine, dower, and homestead.

Where lands held by defendant in adverse possession descended to plaintiffs in ejectment as heirs at law of the deceased owner, a delay in bringing suit longer than 3 years, whereby the statutory 10-year period was enlarged, held to bar the action, notwithstanding the widow's rights of quarantine, dower, and homestead, such rights not interfering with action by the heirs.

---

⬤➔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Evidence ⬤⟿471(27)—Evidence as to possession of defendant held admissible as a fact open to observation.**

In ejectment, where adverse possession was interposed as a defense, it was not error to permit a witness to testify that defendant and those claiming under him had been in possession ever since the witness had sold the property to defendant, such fact being open to observation; and, if it was desired to ascertain the grounds upon which the witness based his statement or knowledge, it could have been done by cross-examination.

Appeal from Circuit Court, Blount County; Woodson J. Martin, Judge.

Action of ejectment by Clyde Stephens and others against J. H. Bowen. From a judgment for defendant, plaintiffs appeal. Affirmed.

Ward, Nash & Fendley, of Oneonta, and E. O. McCord & Son, of Gadsden, for appellants.

The statute of limitation did not begin to run until the death of the widow. Kyser v. McGlinn, 207 Ala. 82, 92 South. 13; Johns v. Cannon, 199 Ala. 138, 74 South. 42; Callahan v. Nelson, 128 Ala. 671, 29 South. 555; Hale v. T. C. I. Co., 183 Ala. 507, 62 South. 783; Curry v. Barnes, 200 Ala. 256, 76 South. 22.

Russell & Johnson, of Oneonta, for appellee.

The limitation of 10 years expired before the bringing of the suit. Code, § 4846.

SAYRE, J. This statutory action of ejectment was brought by appellants, plaintiffs below, to recover a tract of land described in the complaint. The parties were agreed at the trial that a plat, copied into the transcript, correctly represented the location and extent of the land in suit; but, if so, it is correctly described nowhere in the pleadings. Approximately 200 acres are involved. Joe Stephens died seized and possessed of this land in 1898, leaving a widow, now deceased, and three minor children, plaintiffs in this cause, who became of age in the years 1910, 1912, and 1915. This action was commenced in October, 1920. Plaintiffs claim as heirs at law of their father. Defendant claims title in virtue of certain proceedings had in the probate court in 1901, relied on as showing that the land in suit was set apart to the widow, then, by a second marriage, Mrs. Allgood, as a homestead under the Constitution and laws of the state, a decree for the sale of the land for division among the widow and children rendered in the same court in 1908 on the petition of the widow, a deed to James A. Brice executed by a commissioner of the court's appointment, and a deed from Brice to defendant executed in 1908. The evidence showed without conflict that the widow and minor children left the land, where they had previously resided, in 1903 or 1904, after which it remained in the possession of a tenant until 1908, when Brice took possession for a brief term, and then, in the same year, sold and conveyed the land to defendant, who has been in possession continuously down to the present time, paying taxes, cultivating the tillable land, clearing additional areas for cultivation, cutting timber, building houses, barns, and fences, digging wells, and cutting ditches, and upon this proof defendant claims title by adverse possession for 10 years.

Evidence of the chain of paper title shown by defendant and stated above was fatally deficient for one or more reasons. The land in suit lies in sections 20 and 29, township 12, range 2 east. Throughout the proceedings had in the probate court and in the several conveyances noted 60 acres of this tract, lying in section 20, are described, sufficiently, of course, according to the government survey; but the description of so much of the tract, the larger part, as lies in section 29, is impossible. The description is not self-correcting; it describes nothing. It must be conceded, however, that, under the law of that time (section 2100, Code of 1896; Faircloth v. Carroll, 137 Ala. 243, 34 South. 182; Moss v. Nye, 183 Ala. 544, 62 South. 776), the proceeding to set apart the homestead vested absolute title to the well-described 60 acres in the widow and children as tenants in common, and this notwithstanding the area of the whole tract, as shown by the agreement of the parties at the trial, was considerably in excess of the constitutional homestead limit of 160 acres, for, it seems, all question as to the value and extent of so much of the tract as was brought within the grasp of the court's authority by an intelligible description—no fraud being alleged—was concluded by the decree therein. Douglas v. Bishop, 201 Ala. 226, 77 South. 752. And, while the record of the proceeding in the probate court and the muniments of title nowhere afford any description of the land in section 29, and as muniments of title in that land are therefore inoperative, the record does disclose the fact that the land in section 20 was part of the tract on which ancestor Stephens lived at the time of his death, however inadequate may be the description afforded of the tract as a whole; that his homestead as a whole was appraised both as to area and value by appraisers appointed for that purpose, and was all the land he owned at that time. Code 1896, §§ 2071, 2100.

[1] The deficiency heretofore noted in the matter of description appears in the decree for a sale of the property for division, and in the commissioner's deed. The commissioner's deed was admitted, not as evidence in itself of title in defendant, but as color of title merely, to extend the legal limits and effect of an actual possession (Crowder v. T. C. I. & R. Co., 162 Ala. 151, 50 South. 230, 136

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Am. St. Rep. 17), and in part, at least—that is, so far as concerns the adequately described land in section 20—this deed, even though for any reason it were void (Brannan v. Henry, 142 Ala. 698, 39 South. 92, 110 Am. St. Rep. 55), served that purpose; but its operation in that respect extended no further, for color or title extends only to lands adequately described therein (Brannan v. Henry, supra; Hale v. T. C. I. & R. Co., 183 Ala. 507, 62 South. 783).

[2, 3] The record of the proceeding to set apart homestead was admitted in evidence for what it was worth, and properly so; for, while it had the common defect of not describing the lands in section 29, this record affected the title of the land in section 20 which was described, the proceeding, except in the matter of the description of a part of the land, being had in substantial conformity with the Code of 1896, § 2097. Furthermore, these proceedings in the probate court, put on foot by Mrs. Allgood, in connection with her acceptance of the purchase money and her utter abandonment of the usufructuary, as well as actual possession of the premises, sufficed to show her relinquishment of her quarantine and homestead rights. As for dower, the outstanding right to which is supposed to have deferred any right of action in plaintiffs until the death of the widow, it was, after the death of the owner, a mere equitable right of action (Wilkinson v. Brandon, 92 Ala. 530, 9 South. 187; Upshaw v. Upshaw, 180 Ala. 208, 60 South. 804), and after her abandonment of possession, title and right of possession were in plaintiffs, and might have been asserted in their behalf, 19 C. J. 531. Her unassigned dower right did not entitle the widow to maintain ejectment, and would have afforded no defense to such action by the heirs. 19 C. J. 532; Lytle v. Sandefur, 93 Ala. 396, 9 South. 260.

[4, 5] It results that, as to that part of the land adequately described in the proceedings in the probate court—the 60 acres lying in section 20—the statute of limitations began to run against the plaintiffs when defendant went into possession, for that possession was indubitably adverse and under color which, in general, brought the title under the influence of the statute of 10 years. Plaintiffs, being minors at the inception of such possession, had, in any event, three years after the termination of their disability in which to bring suit. Code 1907, § 4846. But this 3 years enlarged the 10-year period only to the extent that was necessary to secure to them the right to bring suit within 3 years after they attained to majority. Black v. Pratt Coal Co., 85 Ala. 504, 5 South. 89. But they, being under no disability save nonage, delayed even longer, and were barred when this suit was commenced. This seems to be the correct treatment of the issues in this cause so far as concerns the land in section 20 at least. But, if, as contended by appellants, the proceeding in the probate court failed to vest title to the tract or any part thereof in the deceased owner's widow and children for the reason that the tract exceeded 160 acres in area, or that the land in section 20 was not all the land owned by him at the time of his death, then the title to the entire tract is affected by considerations which we think apply more correctly to that part in section 29 only, which are: The land descended to plaintiffs as heirs at law of the deceased owners, subject only to the widow's rights of quarantine, dower, and homestead. But these rights, for reasons heretofore stated, did not stand in the way of an action by the heirs, and such action was barred by the statute. Black v. Pratt Coal Co., supra.

Our previously stated consideration of the rule as to color of title, that it extends only to lands adequately described therein, leads us to observe that there may have been some deficiency in the evidence in the matter of delimiting defendant's possessio pedis of the land in section 29; but no point has been made as to that. It is nowhere insisted in the brief filed on the original submission that the general charge for defendant was error on that account. An adverse possession of wide extent was shown without conflict, and, so far as its minor deficiencies may be concerned, our conclusion, in the circumstances shown, is that the judgment should not be disturbed.

[6] There was no error in permitting the witness Brice to testify that defendant and those claiming under him had been in possession of the property ever since he (the witness) had sold him (defendant) the property. This was a fact open to observation. If it was desired to ascertain the grounds upon which the witness based his statement of knowledge, this could have been done by cross-examination. Abbett v. Page, 92 Ala. 571, 9 South. 332.

The judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.