# Gilchrist *v*. Atchison.

### *Unlawful Detainer.*

(Decided June 9, 1910. Rehearing denied June 30, 1910. 52 So. 955.)

1. *Trial; Taking Case from Jury; General Charge.*—Where there was a conflict in the evidence as to whether plaintiff had ever been in possession of the land prior to the time the defendant went into possession, it was error for the court to give the affirmative charge for the plaintiff in unlawful detainer.

2. *Ejectment; Right of Action; Objection.*—The older possession gives the better right, where neither party has the true title, and this possession is not defeated by a subsequent entry and occupation by the opposing claimant until such entry and occupation has ripened into title by adverse possession.

3. *Same; Evidence.*—Where the action was unlawful detainer, but there was a trial of title as provided for by statute, it was competent to show possession of the defendant's grantor prior to plaintiff's possession.

4. *Champerty and Maintenance; Evidence.*—Where under the evidence it was a question for the jury whether the plaintiff was in the adverse possession of the land at the time of the execution of the deed to the defendant, the deeds were admissible in evidence.

5. *Same; Validity of Deed.*—Prior to the adoption of the Code of 1907, (Sec. 3839) a deed to land is void as to persons in adverse possession when the deed was made, but was binding between the parties and all other except the adverse possessor and his privies, and void as to them only as a conveyance, but sufficient to authorize the grantee to use the grantor's name in a suit for the recovery of the land.

APPEAL from Washington Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Unlawful detainer by Henry Clay Atchison against Thomas Gilchrist. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

This cause was commenced in the justice court, and upon proper application and affidavit was removed to the circuit court, where trial of title was had under the statute.

GRANADE & GRANADE, for appellant. No brief came to the Reporter.

TURNER, WILSON & TUCKER, for appellee. No brief came to the Reporter.

ANDERSON, J.—The plaintiff showed no title to the land, but proved possession in the early part of 1907, under color of title, of about the same date. The possession of the plaintiff, however, was disputed by the defendant, who testified that no one was in possession of it when he took charge of it under his deed, made in the fall of 1907. There being a conflict in the evidence as to whether or not the plaintiff had ever been in possession of the land prior to the time the defendant went

into possession, the court erred in giving the general charge for the plaintiff. On the other hand, the defendant showed a prior possession in Knapp & Atchison and attempted to connect himself with them. The rule is that, where neither party has the true title, the older possession gives the better right, and such right is not defeated by a subsequent entry and occupation by the opposing claimant until it has ripened into title by adverse possession.—*Reddick v. Long,* 124 Ala. 267, 27 South. 402, and cases cited. If, therefore, the defendant showed a possession in another with whom he connected himself, prior to the plaintiff's possession, if any he had, and which was a question for the jury, the plaintiff would not be entitled to recover. The defendant attempted to connect himself by a mortgage from Knapp & Atchison to Vizard, a foreclosure of the mortgage, and a deed to himself. The description in the mortgage was capable of being made definite by parole evidence.—*Cottingham v. Hill,* 119 Ala. 354, 24 South. 552, 72 Am. St. Rep. 923. Whether the defendant's offered proof in connection therewith was sufficient to put the trial court in error, we need not decide, as it can be made more specific on another trial, and this cause must be reversed on other grounds.

With the mortgage omitted, however, the defendant attempted to show possession in his grantor, Vizard, by the witness Robertson, prior to the plaintiff's claimed possession, and, if he did so and connected himself with Vizard, this would be a good defense to the action, and the trial court erred in not letting him do so. The court also erred in not letting the defendant introduce the deed from Vizard to himself. In the first place, it was a question for the jury as to whether or not the plaintiff was in the adverse possession of the land when the same was made. Moreover, the adverse possession of

the plaintiff when the deed was made would only render it void as a conveyance and not as color of title or destroy its use to the grantee for the purpose of connecting himself with the grantor. While this ancient rule against champerty is obsolete in many states, it remains in Alabama, and all deeds made by one out of possession are void as to any one in the adverse possession of the land when the deed is made. They are binding, however, between the parties and all others except the adverse possessor and his privies, and are void as to them only as a conveyance, as they authorize the grantee to use the grantor's name in a suit for the recovery of the land.—*Pearson v. King*, 99 Ala. 125, 10 South. 919; Warvelle on Ejectment, 300. If such a conveyance would authorize the grantee to sue in the name of the grantor, by analogy, it should operate to enable the grantee to defend in the name of the grantor, and, whether valid as a conveyance or not, would enable the defendant to connect himself with the previous possession of his grantor, Vizard. As this Vizard deed was made and this suit was brought prior to the adoption of the Code of 1907, we have discussed the rule of champerty as it then existed, but which is now abolished by section 3839 of the Code of 1907. Whether the said section would or would not apply to the present case, we need not determine, as the result would be the same, and the deed was improperly excluded.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SAYRE, and EVANS, JJ., concur.