# Hampton *v.* Tant.

### Detinue.

(Decided January 9, 1917.   73 South. 825.)

1. **Mortgages; Chattel; Payment; Evidence.**—The evidence examined and held sufficient to warrant a submission to the jury of the question as to whether receipts given by plaintiff represented payments on the mortgage debt, and not on other debts which plaintiff claimed that defendant owed him.

[Hampton v. Tant.]

2. **Charge of Court; Abstract.**—Although stating a correct proposition of law, a charge which is abstract may be refused without error.

3. **Mortgages; Payment; Instruction.**—Where the action was by the mortgagee in detinue to recover the personal property, and a defendant set up payment of the mortgage debt, an instruction that the payment of the mortgage debt divests the title passing by the mortgage, was proper as embodying the law as stated in § 4899, Code 1907.

4. **Appeal and Error; Review; Ruling on Motion.**—A notation on the motion for new trial that it was overruled and that plaintiff excepted is not such an order on the motion as can be reviewed.

APPEAL from DeKalb Circuit Court.

Heard before Hon. W. W. HARALSON.

Detinue by A. P. Hampton against W. H. Tant. Judgment for defendant and plaintiff appeals. Affirmed.

DAVIS & BAKER, for appellant. ISBELL & SCOTT, for appellee.

BROWN, J.—The plaintiff, appellant here, claimed title to the property sued for through a mortgage, and the defense was that the mortgage debt had been paid. There was also a suggestion under the provisions of section 3789, Code 1907, that the jury be required to ascertain the amount of the mortgage.

(1) The plaintiff's contention was that the note for $280 secured by the mortgage covered the balance due on the mill and an account made in 1911; that when the mill was moved to Carroll's, the defendant owed him $200 on an unsecured account, and for this the defendant, Pope, and Smalley gave their note; that defendant owed $290 on a note for mules and wagon, and also owed an account, making the aggregate indebtedness $1,100; and plaintiff admitted that the defendant had paid something over $900 on the indebtedness after the note for $200 was given. The plaintiff also testified that at the term of the court next before the trial of this case he had recovered against the defendant on the note for $200, and the evidence shows that this judgment was subsequently paid by the defendant.

The defendant's contention was that all of his indebtedness to plaintiff was represented in the $200 note secured by Smalley and Pope and the indebtedness of $280 secured by the mortgage, and that all this had been paid. Whether the receipts represented payment on the mortgage debt was a question for the jury, and the receipts were properly admitted; and the count at the time properly instructed the jury that, if they found that the

[Hampton v. Tant.]

receipts did not represent payments on the mortgage debt, they were not to be considered. Furthermore, the plaintiff's own testimony shows that he recovered against the defendant in the action on the $200 note, and this at least tends to show that the receipts did not represent payments on that note; and therefore, if the defendant's contention that his entire indebtedness was covered by the note for $200 and the mortgage for $280 was true, the jury was authorized to find that the receipts represented payments on the mortgage.

(2) The plaintiff testified that he agreed to carry the mortgage over to the fall of 1914, "provided he would put two mules on it to better secure it," and "he did not put the mules on it." "This $280 was to be carried over a year. When he refused to put the mules on it, as he contracted for, I brought suit." The defendant testified: "Hampton agreed to carry it over till the fall of 1914, *provided I could not pay it off.*" The plaintiff's own evidence here quoted clearly shows that his agreement to carry the mortgage debt was conditional, that the condition was not met, and that suit was brought; therefore, if refused charge 1 stated a correct proposition of law, it was clearly abstract, and for this reason was properly refused.

(3) The payment of a mortgage debt divests the title passing by the mortgage.—Code 1907, § 4899. Therefore, if the mortgage debt was paid, the plaintiff could not recover, and charge 1 given at the defendant's instance, asserting this proposition, was properly given.

(4) Neither the record proper nor the bill of exception shows any order of the court on the motion for new trial. There is a notation on the motion for new trial as follows: "September 4, 1915. Motion overruled. Plaintiff excepts." But this does not purport to be an order of the court, and, for all that appears, may have been a mere notation by the clerk of the court, or perhaps a bench note by the presiding judge, but does not rise to the dignity of an order of the court, and will not authorize a review.—*Amos Smith v. State, infra,* 73 South. 824; *Tinney v. C. of Ga. Ry. Co.,* 129 Ala. 525, 30 South. 623.

No error appearing on the record, the judgment is affirmed.
Affirmed.