(118 So. 552)

**JACKSON v. O'NEAL.** (8 Div. 967.)

Supreme Court of Alabama. Nov. 8, 1928.

James C. Roberts, of Florence, for appellant.

· Wallace C. Porter, of Florence, for appellee.

FOSTER, J. Appellee sued appellant for the recovery of a strip of land off the west side of section 18, and a small strip on the east side of section 13, and claims that she owns to· a hedgerow dividing her land from that of defendant on the west. The bill of exceptions does not clearly show a description of the land embraced in the chain of title of the respective parties. The charge of the court, without exception noted, states that the issue is a disputed boundary line; that appellee claims to a hedgerow and appellant claims somewhat more than two hundred and thirty-two feet east of the hedgerow as the dividing line, where he has built a fence. Both parties claimed also by adverse possession—appellee to the hedgerow, and appellant to the fence he built east of the hedgerow. The court submitted the issues, (1) of the true line, and (2) of adverse possession, to the jury. The jury found for appellee on those issues. · Appellant assigns numerous errors. One is the refusal of the affirmative charge. The evidence of possession and location of the true line was clearly sufficient to go to the jury. This charge was properly refused.

Charge number 3, refused appellant, is sufficiently covered by the court's general charge.

During the examination for. plaintiff of a civil engineer (Gass), he was permitted to testify, over objection and exception, to the details of his survey, stating where he began, and the directions and distance surveyed. This was of course without error, as was his testimony as to an Indian Reservation line extending west of the section line. Objection for various reasons was made to the introduction of a map made by the surveyor, and his testimony as ·to certain matters shown on the map. The map is not copied in the record, nor otherwise before the court. We cannot review such rulings in its absence. Its absence also serves as sufficient reason for refusal of the affirmative charge. Godfrey v. Vinson, 215 Ala. 166, 110 So. 13; Wright-Nave Construction Co. v. Alabama Fuel & Iron Co., 211 Ala. 89, 99 So. 728.

Evidence as to one's possession of land is not a conclusion, but a collective fact to which a· witness may testify. Cooper v. Slaughter, 175 Ala. 211, 220, 57 So. 477; Burkett v. Newell, 212 Ala. 183, 101 So. 836; Paterson v. Patrick, 202 Ala. 363, 80 So. 445.

Cross-examination of a witness to test accuracy, recollection and means of knowledge are largely in the discretion of the trial court. Watson v. State, 20 Ala. App. 372, 102 So. 492; Ratliff v. State, 212 Ala. 410, 102 So. 621. We find that there was no abuse of such discretion shown in this case to which exception was noted.

All the assignments of error insisted upon are controlled by the foregoing comments. There is no error among the assignments argued for appellant.

Affirmed.

ANDERSON, C. J., and ·GARDNER and BOULDIN, JJ., concur.