195 So. 439

## BUNDY v. ECHOLS.

### 6 Div. 566.

Supreme Court of Alabama.
April 11, 1940.

Richard Hail Brown, of Birmingham, for appellant.

Wilkinson & Wilkinson, of Birmingham, for appellee.

**ANDERSON, Chief Justice.**

Action of ejectment by appellee against appellant for "a strip of land three feet wide, parallel to and along the south side of and adjoining Lot 35 in Block 13 G, according to the plat of Walker Land Company of East Woodlawn, according to the plat of said Block 13 G as laid off into lots by Frazier & Ebersole, etc." as set out in Amended Count A, being the one under which the case was tried. The plaintiff showed a record title to Lot 35 and her husband and agent, who purchased it for her, was evidently under the impression that said three foot strip was a part of said Lot 35. But the complaint does not proceed upon the theory that it is a part of Lot 35, and, unless it is, the plaintiff's deed would not convey the title or even operate as color of title to said strip.

The case was tried by the judge without a jury who rendered a judgment for the plaintiff. Therefore, eliminating the question of a complete title not shown by either party and considering, without deciding, that the plaintiff did not come within the statutory requirements of establishing a title by adverse possession, there was an abundance of evidence to show her actual possession of the strip in question for a number of years prior to the possession of the defendant who does not appear to have acquired possession except as a trespasser and, this being so, the trial court must be justified in rendering judgment for the plaintiff.

We, of course, recognize the general rule that ordinarily in an action of ejectment the plaintiff must recover upon the strength of his own title and not the weakness of that of the defendant, but there is another well recognized exception or rule that when neither party establishes title, the plaintiff may recover under an actual, previous possession as against a mere trespasser on the land or one claiming only under a later possession. McCreary et al. v. Jackson Lumber Co., 148 Ala. 247, 41 So. 822; Vidmer v. Lloyd, 193 Ala. 386, 69 So. 480, Ann.Cas.1917A, 576; Louisville & N. R. R. Co. v. Philyaw, 88 Ala. 264, 6 So. 837; Owen v. Moxon, 167 Ala. 615, 52 So. 527.

Here, the plaintiff's evidence shows a possession of the strip when she purchased Lot 35 and a continuation thereof for several years and whether or no the proof was sufficient to show title by adverse possession, she made out a prima facie title which entitled her to recover as against one who, aught appearing, took possession and not as a purchaser or under color of title from one who held an older possession than the plaintiff.

The appellant made many objections and exceptions to the rulings on the evidence, but evidence received or rejected had no bearing upon the right to recover upon the theory heretofore outlined and could have been material only upon the question of title by adverse possession and a failure of the plaintiff to establish the same did not deprive her of the right to recover upon her older possession.

After both sides had rested and after counsel for plaintiff argued that defendant had failed to introduce any proof to show that he acquired possession except as a trespasser, counsel for defendant sought to reopen the case and permit them to offer certain deeds or evidence that the defendant did not take possession as a trespasser. The trial court within its discretion denied the motion and we are not disposed to reverse the cause for this reason. Patterson v. Alabama Fuel & Iron Co., 194 Ala. 278, 69 So. 952, and cases there cited.

Moreover, it appears from the record that the trial judge had certain evidence upon the consideration of this cause which is not set out in the bill of exceptions.

The judgment of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.