7 So.2d 294

## SMITH v. ORR.

### 8 Div. 173.

Supreme Court of Alabama.

March 19, 1942.

Rehearing Denied April 16, 1942.

David A. Grayson, of Huntsville, for appellant.

Lanier, Price, Shaver & Lanier, of Huntsville, for appellee.

FOSTER, Justice.

This is an action of ejectment by appellant for the recovery of a house and lot.

Plaintiff sues as executrix of the will of Malissa King, deceased, and claims title evidenced by the prior possession of Malissa King covering a period of several years, of which there was evidence, and also claims that defendant entered under a rental contract from decedent and is estopped to deny her title, and therefore the right of plaintiff to recover.

Defendant denied renting from decedent, but claims to have rented from what is called the Monrovia Colored School Community, which is shown to have been a school association, or from the State's representative. Defendant proved by the business assistant of the county board of education that he was also custodian of county school property; that a deed conveying the land was made to the State of Alabama, and that thereafter the State authorities had control of the property; that defendant rented the property one year for $10, which he paid; and the money was returned to the local school interests, but control was never given to the Monrovia Colored School Community. The property was deeded to the State by Charlie Lane, and the deed was lost. Charlie Lane testified that he owned the land and deeded it to the State about 1925 (which was about five years before decedent went into possession). General objections were made to all this evidence: they were overruled, and plaintiff excepted.

■ Plaintiff made out a case by showing the prior peaceable possession of her testate, the decedent, even though defendant may not have entered under contract with her. Such prior possession was prima facie evidence of ownership and title, without a contract between her and defendant by which he entered into possession, and such possession justified a recovery against defendant, though he did not enter under her, unless he entered under one who had a better title than that shown by the possession of decedent, since he asserted no other right. Tapia v. Williams, 172 Ala. 18, 54 So. 613; Dothard v. Denson, 72 Ala. 541; Dodge v. Irvington Land Co., 158 Ala. 91, 48 So. 383, 22 L.R.A.,N.S., 1100; Mickle v. Montgomery, 111 Ala. 415, 20 So. 441; McCreary v. Jackson Lumber Co., 148 Ala. 247, 41 So. 822; Warten v. Weatherford, 191 Ala. 31, 67 So. 667; Bundy v. Echols, 239 Ala. 421, 195 So. 439; Owen v. Moxon, 167 Ala. 615, 52 So. 527; Gilchrist v. Atchison, 168 Ala. 215, 52 So. 955.

■ The title under which defendant claims may be shown to be better than that of decedent by proving that another had possession under claim of ownership prior to that of decedent, and that defendant's possession was properly connected with such prior possession.

The evidence does not show that Charlie Lane had such possession before selling it to the State, nor was there other legal evidence of his ownership. His deed to the State was not properly proven. It being lost its contents were not proven. But there is evidence that the State took control of it after the deed was made in 1925, and that defendant rented from the State.

■ There was no error in permitting the custodian of the school property to testify to the possession of this tract by the State, claiming to own it under a lost deed. Such deed and this nature of proof of it are admissible as evidence of a claim of ownership, not as a link in the chain of title. As pointed out in Crowder v. Doe, 162 Ala. 151, 50 So. 230, 136 Am.St.Rep. 17, there is a distinction between a claim of title, and color of title. This is well recognized. 1 Am.Jur. 894, section 185; 2 Corpus Juris Secundum 581, Adverse Possession, § 61.

There are many assignments of error relating to rulings of the court on the evidence and on the motion for a new trial. We will not analyze them each critically since the rulings on the evidence are not prejudicial to appellant as to the material issues in the case. Those issues are first whether defendant entered upon the property as a tenant of plaintiff's testate, and, second, if not, whether defendant connected his possession with one claiming it under a possession, and claim of title, which antedated the entry of possession by decedent, and continued up to that time.

■ The refused charges do not appear in the record elsewhere than in the motion for a new trial. They do not appear to have been marked Refused with the name of the judge signed thereto. We cannot review them in that state of the record. Code of 1923, section 9509, Code of 1940, Title 7, section 273.

■ The plaintiff's only evidence of title was prior possession, without evidence of a claim of purchase or other right, and this was subsequent to the time when the State claimed to have purchased it for school purposes, and when there was evidence that control was taken of it under such claim by the State, and that defendant entered and claimed possession under contract with a representative of the State's school interests.

The verdict was properly allowed to stand, and the judgment is affirmed.

Affirmed.

GARDNER, C. J., BOULDIN, and LIVINGSTON, JJ., concur.