21 So.2d 438

### HEATH v. SCARBOROUGH et al.

### 7 Div. 819.

Supreme Court of Alabama.

March 8, 1945.

THOMAS, Justice.

The appeal is from the sustaining of demurrer to the answer and cross bill filled by the appellant.

The proceedings were had under the Act of 1935, p. 256, codified as Section 303, Tit. 51, Code 1940, touching the right of redemption of lands from tax sale. The statute is as follows: "Real estate which hereafter may be sold for taxes and purchased by the state may be redeemed at any time before the title passes out of the state, or if purchased by any other purchaser, may be redeemed at any time within three years from the date of the sale by the owner, his heirs or personal representatives, or by any mortgagee or purchaser of such lands, or any part thereof, or by any person having an interest therein, or in any part thereof, legal or equitable, in severalty or as tenant in common, including a judgment creditor, or other creditor having a lien thereon, or on any part thereof; and an infant or insane person entitled to redeem at any time before the expiration of three years from the sale, may redeem at any time within one year after the removal of his disability; and such redemption may be of any part of the lands so sold, which includes the whole of the interest of the redemptioner. * * *"

In Alabama Mineral Land Co. v. McFry et al., 236 Ala. 632, 636, 184 So. 192, 195, Mr. Justice Bouldin said for the court: "Now the statute names 'purchaser of such lands' as one of the classes entitled to redeem. The two year limitation applies to him the same as to the owner. The broad terms defining persons entitled to redeem would include any purchaser, by foreclosure sale or otherwise, by which the title of the owner passes, while the title is in him, pending the two year period of redemption. * * *"

In the recent case of Morris v. Mouchette, 240 Ala. 349, 199 So. 516, 517, the Chief Justice, adverting to the statute for redemption and the case of Alabama Mineral Land Co. v. McFry, supra, said that long before this suit "was brought he stood to the land as owner," with the duty to assess and pay for the taxes.

Grounds of demurrer directed to the cross bill are that it shows on its face that the lands in question had not been abandoned by the "heirs at law of Charles S. McCulloh, nor by the executor of the estate of said Charles S. McCulloh, because said answer-cross bill shows that the

Rutherford Lapsley, of Anniston, for appellant.

Hugh Walker, of Anniston, for appellees.

executor of the estate of Charles S. Mc-Culloh conveyed said lands to H. T. Scarborough on October 4th, 1943, prior to the time within which said lands, on the part of the executor of the estate of Charles S. McCulloh, could have been redeemed."

"For that said answer-cross bill shows that said lands were sold for taxes on the 22nd of June 1942, and that the executor of the estate of Charles S. McCulloh, had two years thereafter within which to redeem said lands from said tax sale, but the said executor sold and conveyed said lands to H. T. Scarborough less than two years after the tax sale, or on to wit: October 4th, 1943."

"For that the letter of the attorneys for the estate of Chas. S. McCulloh, dated March 25th, 1942, quoted in said answer-cross bill, contains this statement: 'The executor is about to make his accounting, and if the property is not sold or contract entered into for its sale, he will state that the property is worthless to the estate, and will not take any proceedings in Alabama to establish title in him.', and said answer-cross bill shows on its face that the executor of the estate of Chas. S. McCulloh, sold and conveyed said land to H. T. Scarborough, complainant and cross-respondent herein, on October 4th, 1943, and during the existence of the right of said executor and/or the heirs of said McCulloh to redeem said land from said tax sale, which took place on June 22, 1942."

■ The grounds of demurrer challenge the cross bill for that facts are not averred to show that the purchaser at tax sale had complied with the law and perfected and obtained the tax title. The probate judge is empowered to sell lands for nonpayment of taxes, when his special jurisdiction to that subject and end is quickened by the averment of material facts, as required by statute. Anderson v. Doe, ex. dem., The Macedonia Baptist Church, ante, p. 398, 20 So.2d 777.

■■ We have indicated the classes of grounds of demurrer directed to appellant's answer and cross bill. The pleading shows that the time within which due effort by the taxpayer-owner will accomplish redemption has not expired; and the alleged purchaser or owner failed to comply with the conditions precedent to redemption, preventing the judge from making a valid tax deed, as the statute provides. Code 1940, Tit. 51, § 276. It is only after the period of the time indicated for redemption has expired, and due steps have been taken by the person having the right to the conveyance, that the judge of probate may make a deed upon the purchaser's production, or lawful holder thereof, to that official of certificate of due tax sale, and the payment of the required fee. Union Central Life Ins. Co. v. State, 226 Ala. 420, 147 So. 187.

■ The respective letters by the personal representative of owner's estate, set up in answer and cross bill, were within the time prescribed by statute, for redemption by the owners of the land so alleged to have been sold for default in payment of taxes. This property was that of the cestue que trustent, subject to be divested by a due administration, or by due alienation thereof. The personal representative, of the McCulloh Estate, being administered in a foreign jurisdiction, could not abandon by way of estoppel in this jurisdiction the land situated here and subject to taxation. The rules that obtain as to estoppel need not be repeated. An estoppel that is effective must bind both parties, their privies in estate or by blood. Clark v. Whitfield, 213 Ala. 441, 105 So. 200; Bromberg v. First Nat. Bank, 235 Ala. 226, 178 So. 48. We have indicated that in a court of chancery such real estate is treated as the property of the heirs at law or beneficiaries of the trust, and they are the real parties in interest. Such is the rule in a court of equity and within the jurisdiction of such a res. Braley v. Spragins, 221 Ala. 150, 128 So. 149; Town of Carbon Hill v. Marks, 204 Ala. 622, 86 So. 903.

The appropriate class of demurrer assigned to the answer and cross bill indicated was well taken. The decree of the circuit court is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.