32 So.2d 211

### LATHEM v. LEE.
#### 6 Div. 465.

Supreme Court of Alabama.
Oct. 16, 1947.

Drennen & Drennen, of Birmingham, for appellee.

Beddow & Jones, of Birmingham, for appellant.

534

FOSTER, Justice.

This is an action of ejectment at the suit of appellee as plaintiff against appellant as defendant. The suit was tried with a jury, but at the conclusion both parties requested the affirmative charge, and they agreed that the jury might be dismissed and that the court should find the facts and law and enter judgment accordingly. There was a judgment for plaintiff, and defendant appeals.

The first question is whether plaintiff made out a prima facie showing of title sufficient to sustain the judgment.

The evidence was that on November 19, 1927, plaintiff and her husband, Charlie Joseph, then living, entered into a contract with J. P. Wright for the rent and sale of the property in question for $1200, payable $125 cash and the balance in seventy-one monthly installments; and upon compliance with the contract Wright agreed to deed the property to them. She and her husband moved on the land in 1928, and occupied it as a home until he died on June 22, 1931.

He made payments during his lifetime of $15 monthly. After his death plaintiff paid Wright the balance due amounting to $510.-15, and he executed a deed to her dated October 24, 1931, recorded July 5, 1934. There is some confusion as to whether the deed was actually delivered to her until a few days before it was recorded. She

was in possession of the land with her husband until he died, and continued in actual possession until February 1935 when she married again and moved to Florida and left the land in care of Beulah Willis for her. Her husband left surviving a son, now dead leaving a child living.

Defendant introduced in evidence a deed dated May 13, 1942, by John C. Curry as State Land Commissioner of Alabama to him of "Lot 33, Block 8 David" situated in Jefferson County, Alabama, reciting:

"That whereas on the 14 day of August, A. D. 1933 that the Probate Court of Jefferson County rendered a decree for the sale of lands. hereinafter described and conveyed, for the payment of State and County taxes then due from Owner Unknown the owner of said lands, and for the payment of the fees, costs and expenses of and under said decree, and the sale had in execution thereof.

"And whereas, thereafter, to-wit, on the 20 day of November, 1933, under and in pursuance of said decree, the said lands were regularly offered for sale by the Tax Collector of Jefferson County for said taxes, fees, costs, and expenses, and no person having bid a sufficient sum for said lands to pay the same, said lands were bid in for the State for the sum of said taxes, fees, costs and expenses.

"And whereas, the time allowed by law for the redemption of said lands has elapsed since said sale, and the same not having been redeemed, the title thereto under said sale is still in the State.

"And whereas, said lands having been entered upon the books of the State Land Commissioner, and the State Land Commissioner of the State of Alabama, with the approval of the Governor, has fixed the price of said land, and ascertained that the sum of Ninety-five and No/100 dollars is sufficient to cover and satisfy all claims of the State and County against said lands for or on account of taxes, interest, fees and costs, and officer's fees which were due upon or have accrued against said lands, as provided for by law."

Defendant proved by plaintiff on cross examination that he was in possession of the land in July 1944, when she went back

to see it, when she told him it was her place and that he said that when he went there Beulah Willis was in possession. (No other evidence of possession by defendant is shown by the record.)

The action was begun January 19, 1945. Appellant contends that there is no evidence that Wright ever had title to the land nor its possession, and therefore that the transaction does not show any title in plaintiff with the right to possession at the time of the institution of the suit and of the trial. If it be conceded that her deed was not delivered until July 1934, that was before the institution of this suit, at a time when she was in possession claiming the land under the rent and sale contract. From the time she went into possession under that contract until the deed was made to her and until she moved to Florida, she was in the actual possession of the land claiming either as a joint purchaser under the contract or as sole owner under the deed. The defendant does not claim possession prior to his deed dated May 13, 1942, and does not prove that he entered possession then; but only that in 1944, when plaintiff went there she found him in possession saying that he had displaced Beulah Willis. So that defendant does not show a possession prior to plaintiff's possession, nor that plaintiff abandoned possession of the land when she moved to Florida, or at any other time.

But it is claimed that the contract was between plaintiff and her husband, who made large payments on the purchase money; that he had a son living at the time of his death who inherited an interest from him; that the son is now dead leaving his own son who inherited such interest.

■ First it may be said that such claim is not recognized by the deed conveying to plaintiff alone the whole interest. But if it be conceded that plaintiff's possession was also for the benefit of this grandson, and that he is in equity a tenant in common, that would not interfere with the right of plaintiff to recover for herself and him. It is well settled that as against a stranger to all the tenants in common, one of them may sue for and recover the whole for the benefit of all. Jackson Lumber Co. v. Butler, 244 Ala. 348, 13 So.2d 294.

■■ It is also said that at the time of the tax sale plaintiff's only claim to the land was under the rent and sale contract, because though her deed was executed in 1931 before the tax sale, it was not delivered until 1934 after the tax sale. Her interest was then subject to be taxed and sold for its nonpayment. Ken Realty Co. v. State, 247 Ala. 610, 25 So.2d 675, 166 A. L.R. 588. She was in possession under that contract and under the deed after that was executed, and therefore had the right of possession. Forrester v. Granberry, 211 Ala. 402, 100 So. 551.

■ There is a well established rule that when neither party shows a legal title, plaintiff may recover under an actual previous possession against a mere trespasser or one claiming under a later possession. Bundy v. Echols, 239 Ala. 421, 195 So. 439; Smith v. Orr, 242 Ala. 566, 7 So.2d 294; Fletcher v. Riley, 148 Ala. 236, 42 So. 548; Barrett v. Doe ex dem. McCarty, 157 Ala. 449, 48 So. 49; Gilchrist v. Atchison, 168 Ala. 215, 52 So. 955; 8 Ala.Dig., Ejectment, ⊜16, p. 195.

■ A defendant in possession in good faith under color of title may defend by showing an outstanding title in another with which he does not connect himself. Tapia v. Williams, 172 Ala. 18, 54 So. 613; Dodge v. Irvington Land Co., 158 Ala. 91, 48 So. 383, 22 L.R.A.,N.S., 1100.

■ The rule as to a defendant who is a trespasser is thus stated: "The only distinction recognized by our decisions between the right of defense of a bare, naked trespasser, and that of a trespasser under color of title, is that the former is not permitted to show an outstanding title in a third person in order to defeat the plaintiff's recovery, while the latter is accorded that right of defense, without connecting himself with such outstanding title." Dodge v. Irvington Land Co., supra, 158 Ala. at page 98, 48 So. at page 384, 22 L.R.A.,N.S., 1100.

■ So that although defendant may have had possession at the time of the in-

stitution of the suit and of the trial under color of title he cannot defend against plaintiff's prior possession whether or not he was a trespasser and has color of title, unless he shows an outstanding title presumptively superior to that of plaintiff, since defendant does not show a prior possession with which he connects his claim in a legal manner. Tapia v. Williams, supra. No such superior outstanding title was here shown.

Defendant undertakes to rely on the deed from the State as furnishing a defense on two theories: one, that the deed is prima facie evidence of its recitals under Title 7, section 415, Code, thereby making the tax sale under which he claims valid; and, two, the short statute of limitations. Title 51, section 295, Code.

■ If we assume section 415, supra, applies to a tax deed or to a deed made of land purchased by the State at a tax sale (see, Wilson v. State, 243 Ala. 1, 8 So.2d 422 [10]; Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645, 144 A.L.R. 719), which we do not, since it refers to business transactions not official conduct, it would not aid defendant in showing that the tax sale was valid. It does not show that the tax collector reported to the probate judge his inability to collect the taxes without a sale. General Acts 1919, page 352, section 240. Without that proof the sale was void. Craig v. Swader, 225 Ala. 366, 143 So. 553; Pollak v. Milam, 190 Ala. 569, 67 So. 381; Henderson v. Simmons, 234 Ala. 329, 174 So. 491; Anderson v. Doe ex dem., 246 Ala. 398, 20 So.2d 777; Heath v. Scarborough, 246 Ala. 509, 21 So.2d 438. And it does not show other essentials of such a sale, such as the notice required by section 245, Gen.Acts of 1919, page 354; Title 51, section 253, section 218, Gen. Acts 1935, page 353.

■■ This sale was made under the Revenue Act of 1919. Section 267 of that Act (see, page 360, General Acts 1919) provides that the deeds of the probate judge when acknowledged shall be prima facie evidence of the regularity of the proceedings recited therein. See, Title 51, section 277, Code, and General Revenue Act of

1935, section 242, page 360. When sales are made by the State Land Commissioner, he must execute a deed to the purchaser as was done here. See, General Acts 1935, page 374, section 282; Title 51, section 318, Code of 1940. The recitals of a deed are not evidence of historical facts there stated unless made so by statute. Grayson v. Schwab, 235 Ala. 398, 179 So. 377. The statute making the recitals of a deed by the probate judge pursuant to a tax sale prima facie evidence, do not apply to a deed by the State Land Commissioner. Howard v. Tollett, 202 Ala. 11, 79 So. 309.

■ The assessment was made in the instant case to owner unknown, as stated in the deed. But there is no notice shown to have been given as required by law then existing. General Acts 1919, page 354, section 245, see, section 218, Gen. Acts 1935, page 353, and Title 51, section 253, Code of 1940. This was essential to the validity of the sale. Smith v. Cox, 115 Ala. 503, 22 So. 78.

■■ While the short statute is now available, though the tax sale is void, it does not begin to run until actual adverse possession is taken under it. Odom v. Averett, 248 Ala. 289, 27 So.2d 479; Bedsole v. Davis, 189 Ala. 325, 66 So. 491; Tidwell v. McCluskey, 191 Ala. 38, 67 So. 673; Howard v. Tollett, 202 Ala. 11, 79 So. 309. It has application to a sale by the State Land Commissioner. Evers v. Matthews, 192 Ala. 181, 68 So. 182; Odom v. Averett, supra.

■ The evidence shows that defendant acquired his deed May 13, 1942, that he was in possession in July 1944, and the suit was begun January 16, 1945. It shows that plaintiff continued to hold possession until defendant took it after his deed was made. So that the short statute has no application, for the failure to show adverse possession by defendant under his tax deed for three years before this suit was instituted.

■ We have not overlooked the generality of the description in defendant's deed. To be color of title the description must not be too uncertain or indefinite. Brannan v. Henry, 142 Ala. 698, 39 So. 92, 110 Am.St.Rep. 55; Hale v. Tennessee

Coal, Iron & R. Co. 183 Ala. 507, 62 So. 783; Stephens v. Bowen, 209 Ala. 417, 96 So. 331.

But if it be treated as color of title and aided by extraneous proof, it cannot serve to defeat plaintiff's suit for the reasons which we have here given.

All the assignments of error argued by appellant are controlled by the principles we have discussed adversely to him. The trial court committed no error so far as thus urged by appellant, and properly rendered a judgment for plaintiff.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.