58 So.2d 593

**PATTON v. RUSSELL.**

I Div. 453.

Supreme Court of Alabama.

April 17, 1952.

Rehearing Denied May 15, 1952.

320

J. Terry Reynolds, Jr., and Maurice A. Downing, Mobile, for appellee.

D. P. Moore, Mobile, for appellant.

SIMPSON, Justice.

This is an action in the nature of ejectment to recover possession of a part of Lot 11, Block 25 in the town of Whistler, Alabama. From a verdict and judgment for the plaintiff, the defendant has appealed.

The plaintiff rested his right of recovery on prior possession and having a deed from the State Land Commissioner. It appears from said deed that the lot—No. 11—was regularly offered for sale by the Tax Collector of Mobile County for the 1938 delinquent ad valorem taxes due by Exchange Land Company, the owner of said lands, after a decree duly entered by the probate court of Mobile County, and that the said. Land Commissioner, under his authority as such with approval of the Governor, for a stated consideration conveyed the property to plaintiff.

The lot sued for and upon which judgment was rendered is described as being

50 by 100 feet, which is only a part of the entire lot. If we have interpreted the record correctly, it seems that Lot 11 was 100 feet by 424 feet, but it is not at all clear whether the lot in suit was altogether in the east half of Lot 11 or partly in the west half too. The tax title which the plaintiff received does not describe the property by metes and bounds and if the lot in suit was located altogether in the east half, the plaintiff showed an absolute right of recovery; this for the reason that the evidence is abundantly clear that after obtaining the deed from the state, he went into possession of the lot and had a house built on it and placed his tenant in possession and thereafter the defendant dispossessed his tenant in a court proceeding to which the plaintiff was not a party and took possession himself.

Since possession on the part of the plaintiff, here accompanied with color of title, is prima facie evidence of ownership and title and makes out a prima facie right of recovery, and since it is also shown that such prior possession continued and was not abandoned by the plaintiff until the time his tenant was dispossessed in an action to which he was not a party, the plaintiff was prima facie entitled to recover such part or all of the lot as was located in the east half of Lot 11 and the defendant could only defeat that right by showing his superior title with which he connects himself, and which he failed to do. These principles are declared in the following cases: Lathem v. Lee, 249 Ala. 532(4), 32 So.2d 211; Gilchrist v. Atchison, 168 Ala. 215, 52 So. 955; Bundy v. Echols, 239 Ala. 421, 195 So. 439.

With respect to the west half of the lot, if the suit property was located partly in it, the defendant undertook to show that there was an outstanding title with which he connected himself in that his grandfather had possession under color of title prior to that claimed by the plaintiff by a deed executed to his grandfather in 1874 and that, therefore, as to the west half of the lot sued for the defendant claimed as a successor in interest to his grandfather's title. He relies upon the fact that such prior possession by his grandfather was evidence of title in him superior to that of the plaintiff. In order for such defense to be available, it is necessary that the defendant's grandfather and his heirs after his death should have not abandoned such possession prior to the acquisition of possession by the plaintiff. If said grandfather or his successors in interest did abandon such possession, whether such abandonment was with *animo revertendi* would be a question of fact for the jury if there are any circumstances which explained such abandonment of possession. Wilson v. Glenn, 68 Ala. 383(5); McCall v. Doe ex dem. Pryor, 17 Ala. 533. If said parties abandoned the property prior to possession of the plaintiff and such abandonment was shown not to have been with *animo revertendi*, such possession would not have the effect of defeating plaintiff's right of recovery unless prior to such abandonment the defendant's ancestors had acquired the title by adverse possession. As evidence of such abandonment of possession without intention to return, the evidence discloses that the Exchange Land Company and its successor in title, using the name of the company, assessed for taxes all of Lot 11 from 1916 through 1938, when it was sold to the State, and after purchase by the plaintiff from the State the taxes were assessed and paid by the plaintiff. There is an entire absence of evidence that during this entire period from 1916 to date the grandfather or his successor heirs, including the defendant, ever assessed for or paid taxes on said lot. Thus there being no evidence in this case as to when such abandonment occurred by defendant's ancestors or the circumstances under which it took place, the burden being upon the defendant, the presumption would be against him, for the abandonment would be presumed to have been without the *animo revertendi* and hence there would be a failure of proof of an outstanding superior title to that of the plaintiff.

It results, therefore, that the verdict of the jury was well sustained and that the claimed error in refusing the defendant's requested affirmative charge is without merit.

322

· This conclusion also renders without merit the single assignment of error predicated on the refusal of the defendant's written charges 1 to 23, inclusive, charge 1 being the affirmative charge, which, as we have shown, was well refused. Bryan v. Day, 228 Ala. 91, 151 So. 854(1); Tucker v. City of Birmingham, 35 Ala.App. 540(2), 50 So.2d 777.

On like principle the assignment of error predicated of the giving of plaintiff's requested charges 6, 21 and 22 is also unsustainable. Charge 22, without considering the correctness of the other charges, was a correct statement of law.

■ There is also no merit in the contention that the deed from the State Land Commissioner to the plaintiff was inadmissible. A party in possession in good faith under color of title may show the ousting of possession by one not so entitled and this instrument was admissible as color of title. Lathem v. Lee, 249 Ala. 532(5), 32 So.2d 211.

■ Likewise, the various records purporting to show the validity of the plaintiff's tax title were admitted without prejudicial error to defendant. While perhaps not necessary in the circumstances shown by the evidence, their introduction in no way prejudiced defendant's case. Rules of Practice in Supreme Court, rule 45, Code 1940, Tit. 7 Appendix.

■ It is also argued that the court erred in sustaining objection to the question propounded to plaintiff on cross-examination, "Did Abraham Patton (grandfather of defendant) take over possession of the part of the land that Commodore Reed had?" It appears in the recitals of one of the deeds introduced in evidence that Commodore Reed at one time owned the east half of Lot 11. One patent objection is that the question does not specify what part of the land is inquired about, whether the small part which plaintiff is claiming or some other part. If some other part, then the inquiry was clearly immaterial.

We have carefully considered the whole record, in connection with the assignments of error presented, and find no reversible error.

Affirmed.

LIVINGSTON, C. J., and FOSTER and LAWSON, JJ., concur.