94 So.2d 195

**J. D. MORRIS**

v.

**Claude YANCEY.**

I Div. 697.

Supreme Court of Alabama.

April 4, 1957.

Wilters & Brantley, Bay Minette, for appellee.

C. LeNoir Thompson and Telfair J. Mashburn, Bay Minette, for appellant.

STAKELY, Justice.

J. D. Morris (appellant) brought this statutory action of ejectment against Claude Yancey (appellee) to recover possession of 67.85 acres of land situated in Baldwin County, Alabama, more particularly described as all of Section 24, Township 4 South, Range 1 East, lying east of Bay Minette Creek. The case was tried on the complaint of appellant and upon the plea of the general issue filed by appellee. Under § 941, Title 7, Code of 1940, the plea of the general issue is an admission that the defendant is in possession of the premises sued for. At the conclusion of the ap-

pellant's case, when the appellant had rested, the appellee without offering any evidence moved the court to exclude the appellant's evidence and requested in writing that the general charge with hypothesis be given in his favor. The court gave the general charge with hypothesis for the appellee. There was a verdict by the jury on which the court rendered judgment for the appellee. This appeal followed.

On the trial of the case J. D. Morris (appellant) introduced in evidence a certified copy of a patent from the United States Government to Thomas Wilson of Sumter County, Alabama, dated October 1, 1846, conveying the property involved in this suit. J. D. Morris, the appellant, also introduced in evidence a quitclaim deed to the real estate here involved from Litch Wilson and wife to J. D. Morris dated January 18, 1950, and recorded January 19, 1954 and also introduced in evidence a quitclaim deed to the real estate here involved from Etta Wilson Davison and husband to J. D. Morris dated June 1, 1955 and recorded June 17, 1955.

Mary Etta Wilson Davison, an aged woman, testified that her grandfather was "old man Henry Thomas Wilson". He came from Sumter County up on the Tombigbee River and further that he had lived on the property involved in this suit and that she had been on the property with him and that he had showed her where he lived by some fig trees that were still standing at the time she was there. According to her testimony when she was a small girl her grandfather had shown her this piece of property and had pointed out the place where his old home had stood by some fig trees that were still standing at that time. She further testified that the place pointed out to her by her grandfather was the same property which J. D. Morris now claims.

J. D. Morris (appellant) examined Lucious B. Wilson, who testified that he was a brother to Mrs. Mary Etta Wilson Davison and Mr. Litch Wilson who testified in the cause and that Claude Yancey told him the following: "He told me one time in a beer tavern that they had a suit over the land all right and he wanted me to come up here; that my brother had an interest in some land and was fixing to sell it to Mr. Morris and I investigated it and found it was."

W. P. Green, a witness for J. D. Morris, identified the land in question and identified its location, testifying further that J. D. Morris was in possession of this land as far back as 1941, that he had a house on this land and had cut and removed timber from this land. According to his testimony, Claude Yancey had never claimed the property which is the subject of this suit.

Fred Wilson, a witness for the appellant and a licensed Civil Engineer and Surveyor, testified that he had been hired by Claude Yancey on February 3rd through February 6th, 1950 to survey four acres which Claude Yancey claimed to own in § 24, T. 4 S, R. 1 E. The plat which Fred Wilson made at that time was introduced in evidence by the plaintiff. Fred Wilson further testified that Claude Yancey did not at the time of the survey claim any part of Section 24 except the four acres noted in the plat mentioned above.

Julius Cooper, a witness for J. D. Morris (appellant), testified that J. D. Morris built a house on the property involved in this action and cleared underbrush from the land and that he also used the land for unloading logs.

The testimony of J. D. Morris was that he took possession of the property in the summer of 1940 and further that in 1940 he moved a house to the property and later tore the house down and erected another at the same place. He further testified that he cleared underbrush on the land, that he permitted sand to be hauled from the property and that he burned underbrush on the north end of the property and gave hunting permits on all the property and that during that period until last fall (1955), no objections were made. J. D. Morris further testified that sand was hauled from the property five to eight years ago or possibly longer. The testimony of J. D. Morris

showed without denial that he was in possession without interference from 1940 until the fall of 1955 when Claude Yancey took possession of the land and laid claim to the property in dispute and posted "no trespassing" signs on the property while J. D. Morris was in possession.

■ As stated the defendant (appellee) rested without presenting any evidence. Tendencies of the evidence showed that J. D. Morris, the appellant, had had possession of the land sued for in 1940. As we understand the record, neither of the parties to this suit showed title to the property, but this court in a number of cases has ruled that bare possession with nothing more is sufficient to sustain an action of ejectment as against a bare trespasser or one claiming only under a later possession.

In the case of Bundy v. Echols, 239 Ala. 421, 195 So. 439, 440, which was an action of ejectment, the plaintiff failed to introduce any proof of record title to the strip of land involved in the suit but did show possession of the land in question for a number of years prior to the possession of the defendant. In this case this court, speaking through Mr. Chief Justice Anderson, said:

"We, of course, recognize the general rule that ordinarily in an action of ejectment the plaintiff must recover upon the strength of his own title and not the weakness of that of the defendant, but there is another well recognized exception or rule that when neither party establishes title, the plaintiff may recover under an actual, previous possession as against a mere trespasser on the land or one claiming only under a later possession. * *."

Hood v. Johnston, 210 Ala. 617, 99 So. 75; Smith v. Orr, 242 Ala. 566, 7 So.2d 294; 28 C.J.S., Ejectment, § 18, p. 862, et seq.

■ Tendencies of the evidence show that the plaintiff went into possession of the land involved in this suit in 1940. This is evidenced by cutting and removing underbrush from the land, by stacking saw logs on the land, by giving various hunting permits to hunt on the land, by placing a house on the land and by removing sand from the land. Possession as evidenced by these acts appears to have been for a number of years prior to the possession of the defendant. We, therefore, think that under the principle stated in the foregoing cases, the defendant was not entitled to the affirmative charge.

It results from what we have said that the judgment of the lower court must be reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.