206 So.2d 367

**Mae ENNIS**

v.

**T. WHITAKER.**

**4 Div. 282.**

Supreme Court of Alabama.

Jan. 11, 1968.

W. Perry Calhoun, Dothan, for appellant.

Lee & McInish, Dothan, for appellee.

HARWOOD, Justice.

Suit below was in the nature of ejectment. Verdict and judgment was for the defendant. The plaintiff's motion for a new trial being overruled, this appeal was perfected.

The suit involved two lots in the City of Dothan.

In brief counsel for appellant under "Statement of the Case" has set forth some 22 numbered paragraphs, each and every one of which are mere statements of an assignment of error relied upon for reversal. This, of course, does not constitute a "Statement of the Case."

Under the heading "Statement of Facts" counsel has given a meagre statement of the pleadings, and then sets forth what counsel terms "the highlights of the testimony given by and on behalf of both the appellant and appellee." For instance, counsel has set forth:

"6. The appellant introduced the testimony of" (here six witnesses are named) "they each testified as to certain acts which they knew were performed on said land whether by themselves or by someone else for the appellant or her predecessor, on the land in question. See pages 50, 52, 53, 54, 56, 57, and 59 of Transcript."

Such summary of the testimony in nowise informs us of what acts were performed.

Appellant's assignment of error No. 1, relates to the refusal of appellant's requested written charge A, which was affirmative in nature.

Under this assignment, appellant argues the sufficiency of the evidence to sustain the verdict and judgment.

A reviewing court starts with the presumption that a record contains evidence to sustain every finding of fact.

Supreme Court Rule 9 provides that:

"* * * if the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, then the

statement (of facts) shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely."

■ If this is not done, the error relative to the sufficiency of evidence is deemed waived. There being a failure to comply with Rule 9, we will not attempt to recite the facts which, in our view, justified submitting the case to the jury. Standard Oil Co. v. Johnson, 276 Ala. 578, 165 So.2d 361, and cases cited, and full discussion therein.

Further, in the trial below, three plats were received in evidence, and probably a fourth was referred to. These plats were used in examining witnesses, but it is unclear which plat was being used at the time. The testimony of the witnesses referred to "this part," "this area," "run down here," "a little cut like this," etc. The jury and the judge below saw this finger pointing. It is meaningless to us on this review. See Williams v. Davis, 280 Ala. 631, 197 So.2d 285.

The appellant having failed to comply with Supreme Court Rule 9, can take nothing by assignment of error No. 1.

■ Assignments of error 2, 18, 19, and 20 relate to the refusal of charges requested in writing by the plaintiff-appellant. Examination of the charges respectively made the bases of these assignments show that they are faulty in omitting the requirement that the possession upon which the claimant relies was adverse. Charges not expressed in the exact and appropriate terms of the law applicable are refused without error. W. P. Brown & Sons Lumber Co. v. Rattray, 238 Ala. 406, 192 So. 851, 129 A.L.R. 526.

■ Assignment of error 13 relates to the refusal of plaintiff's requested charge F. This charge attempts to set out the elements of adverse possession of ten years, but omits any reference to the alternative prerequisites of color of title, payment of taxes, or descent cast. The charge was properly refused. See Lay v. Phillips, 276 Ala. 273, 161 So.2d 477, as to requisites for creation of a bar by adverse possession for a period of ten years.

■ Assignment of error 14 asserts as error the refusal of plaintiff's requested charge G, which charge is to the effect that in an ejectment suit a plaintiff, without proof of documentary title, establishes a right of recovery by showing prior possession under a claim of title.

As stated in Bundy v. Echols, 239 Ala. 421, 195 So. 439:

"We, of course, recognize the general rule that ordinarily in an action of ejectment the plaintiff must recover upon the strength of his own title and not the weakness of that of the defendant, but there is another well recognized exception or rule that when neither party establishes title, the plaintiff may recover under an actual, previous possession as against a mere trespasser on the land or one claiming only under a later possession. * * *."

In the present case both parties claimed under titles. The exception pointed out in Bundy v. Echols, supra, is not created. Charge G was therefore abstract under the evidence and properly refused.

■ Appellant's requested charge H was refused without error (assignment of error No. 15) in that the charge is based on the jury's reasonable belief from the evidence, rather than on being reasonably satisfied from the evidence.

It has been repeatedly held that it is not error to refuse a charge, in a civil proceeding, predicated on "If you believe from the evidence," the proper term being "If you are reasonably satisfied from the evidence." Casino Restaurant, Inc. v. McWhorter, 35 Ala.App. 332, 46 So.2d 582, and cases cited therein.

Requested charge J. (assignment of error No. 17) was refused without error, the charge being elliptical.

■ Assignment of error No. 11 is without merit. Appellant argues that the court erred in overruling appellant's objection to a certain question propounded to the appellee on direct examination relative to the cost of a building erected on the lots in question. While the court at first overruled the objection, the court almost immediately changed its ruling and sustained the objection and the question was not answered.

Assignments of error Nos. 20 and 21 assert error in the refusal of appellant's requested charges M and N, respectively. These charges are to the effect that the defendant would not be entitled to damages for permanent improvements placed on the property after the appellee received notice from the appellant not to trespass on the said property.

■ The appellee tried several times to elicit testimony going to the value of improvements made by him on the property. In each instance the court sustained appellant's objections to questions seeking such testimony. There being no evidence as to the value of the improvements, charges M and N were abstract under the evidence and properly refused. Other reasons would also support the refusal of these charges, but we see no need to set these reasons out.

Assignment of error No. 5 asserts error in the action of the court in sustaining appellee's objection to a question propounded to appellant on direct examination as to whether the appellant had been in continuous and uninterrupted possession of the lots since the death of her husband, while assignment of error No. 6 relates to sustaining appellee's objection to a question immediately following that mentioned in assignment of error No. 5, propounded to appellant on her direct examination as to whether she had been in continuous and uninterrupted possession of the land up until the time the appellee claimed it.

■ Possession is a collective fact to which a witness can testify. Prescoat v. Hester, 218 Ala. 348, 118 So. 585; Jackson v. O'Neal, 218 Ala. 328, 118 So. 552; W. B. Paterson Lbr. Co. v. Patrick, 202 Ala. 363, 80 So. 445.

■ The objection to the above question was therefore not well taken.

However, it appears that prior to the two above mentioned questions, the appellant had testified that she had had the property for 33 years; that after her husband acquired the land in 1929, she and her husband had held it in possession; that either she or her husband had had the lots cleaned off every year since 1929; had put a fence on the property; had planted trees and shrubs thereon; had paid taxes on the property; and had permitted signboards to be placed thereon and received a rental therefor.

■ The appellant had thus received the benefit of testimony to the same effect as that sought by the questions to which the objections were sustained. She could not probably have been injured in any substantial rights by the rulings now questioned, and a reversal should not be cast upon the lower court in these two instances. Sup.Ct.Rule 45.

Assignment of error No. 10 relates to the reception in evidence of a replat of South Highland Addition in the City of Dothan. The appellant interposed only a general objection, with no grounds assigned, when this exhibit was offered during the direct testimony of the appellee.

Appellant's entire argument in support of this assignment is that, "Title 56 of Sections 17, 18, and 20 of the Code of Alabama of 1940 as amended, prohibits new maps until old maps show vacated on the face of the record by the Judge of Probate."

The record shows that during the direct examination of appellant's witness Steensland, he was shown the map in question by appellant's counsel and asked to locate lots 18 and 19 thereon. He answered:

"My plat here shows the relationship of the old plat to the new plat. Mrs. Ennis has deeds but both refer to both plats some of which lap each other."

 The appellant having referred to the map in examining her witness Steensland, thereby injecting it into the case, was in no position to object to the appellee's later introduction of the map. No merit therefore attaches to assignment of error No. 10.

Assignment of error No. 7 asserts error because of the admission in evidence, over appellant's objection of a deed from J. W. Culpepper to E. T. Whitaker, the appellee, dated 2 October 1930, and duly recorded. The description of the land surveyed was taken from a plat of the South Highland Addition in Dothan, the plat being recorded in the Probate Office of Houston County.

The grounds of the objection were that "this man testified he was at a public auction sale when Mrs. Culpepper bought the property and he turned up with the deed."

 The court took the view that this deed was contained in the abstract of title furnished the appellant, and that under a stipulation of the parties as to the admissibility of the abstract, the deed was admissible. We are in accord with the court's view. Further, the appellant's counsel now argues that the deed was erroneously admitted because of the provisions of Sections 17, 18, and 20 of Title 56, Code of Alabama 1940. These sections deal with the vacation of streets and alleys when a recorded plat is vacated. We do not see the applicability of the sections to the present question, nor has appellant's counsel enlightened us in this aspect, his argument merely being that the plat "is an illegal map." Such matter was not called to the court's attention at the time of the objection, and if of any merit, should have been. The ground now argued was therefore waived. Oden-Elliott Lbr. Co. v. Daniel-Gaddis Lumber Co., 210 Ala. 582, 98 So. 730.

Affirmed.

LAWSON, SIMPSON and MERRILL, JJ., concur.