212 So.2d 847

**EMPLOYERS INSURANCE COMPANY OF ALABAMA**

v.

**Leonard CROSS.**

**8 Div. 149.**

Court of Appeals of Alabama.

June 25, 1968.

Woodroof & Woodroof, Athens, for appellant.

Malone, Steele & Alexander, Athens, for appellee.

CATES, Judge.

Appeal from judgment for plaintiff on policy covering collision loss to automobile. After remittitur, final judgment was entered for $464.40 ($500.00 less $50.00 deductible, plus $14.40 interest).

I.

Appellant has assigned three claims of error:

1) the court's giving appellee's requested charge 1, which instructed that if the jurors believed the evidence they must find for the plaintiff;

2) the charging (No. 2) also that if they believed the evidence the jury could not find for the defendant; and

3) the refusal to grant appellant's motion for a new trial.

## II.

The first two assignments are directed essentially at the sufficiency of the evidence to support the affirmative charge with hypothesis.

■ In civil cases appeals basically are to be decided on the briefs, the record being merely a supporting reference. In this context, unlike Code 1940, T. 15, § 389, Supreme Court Rule 9, which this court consistently follows, requires that "if the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, then the statement [of facts in appellant's brief] shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue."

■ Here the testimony of Dewie L. Williams, a highway patrolman, is omitted completely in appellant's Statement of Facts set out in its brief.

Williams was called by the plaintiff after defendant rested. He gave testimony as to the physical location of Mr. Cross's automobile (driven by his son) and of another car. Also he told of his observations of the damage to the cars and the tracks made up to the point of impact.

This testimony we consider to bear "on the points in issue." Accordingly, as requested by appellee, under Rule 9, supra, we forego consideration of Assignments of Error 1 and 2. Ennis v. Whitaker, 281 Ala. 563, 206 So.2d 367.

## III.

■ Appellant filed a motion for new trial.

Appellee points out that the sole record entry as to this motion is:

"3/2/67 After plaintiff files remittitur reducing judgment to $464.40, motion for new trial overruled. Judgment ordered for $464.40 instead of $500.00. Defendant excepts.

"s/ Newton B. Powell, Judge"

In Hampton v. Tant, 15 Ala.App. 463, 73 So. 825, this court said:

"Neither the record proper nor the bill of exception shows any order of the court on the motion for new trial. There is a notation on the motion for new trial as follows: 'September 4, 1915. Motion overruled. Plaintiff excepts.' But this does not purport to be an order of the court, and, for all that appears, may have been a mere notation by the clerk of the court, or perhaps a bench note by the presiding judge, but does not rise to the dignity of an order of the court, and will not authorize a review. * * *"

The judgment below is

Affirmed.